J. T. CARROLL v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
OF TEXAS.

Decided June 21, 1902.

Release of Claim—Consideration—Employment.

While a release of claim for injuries received, executed in consideration of an
agreement by the railway company to give employment to the injured party
"for such time only as may be satisfactory to said company," does not of itself
show a consideration such as would bar a recovery for the injuries, yet where
the company has given the injured party employment under such agreement of
release, this will constitute a sufficient consideration therefor.

Appeal from Hill.  Tried below before Hon. William Poindexter.

*Wear, Morrow & Smithdeal,* for appellant.

*T. S. Miller* and *Ramsey & Odell,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Carroll sued the railway com-
pany to recover damages on account of injuries sustained by him while
employed in the service of the company as brakeman.  The defendant
pleaded a release, which reads thus:

"The Missouri, Kansas & Texas Railway Company of Texas:  Where-
as, on or prior to the 4th day of October, 1900, I the undersigned, J. T.
Carroll, of Hillsboro, Texas, was an employe of the Missouri, Kansas
& Texas Railway Company of Texas, and as such employe was engaged
as freight brakeman; and whereas, on or about the 4th day of October,
1900, as aforesaid, I, the undersigned, received certain injuries whilst in
the service of said company at or near West, Texas, as follows:  Had
head, arm, back, and knee bruised by striking telegraph pole while
hanging on side of car, for which such injuries and damages resulting
to me therefrom, I claim to have a demand against the Missouri, Kansas
& Texas Railway Company of Texas; and

"Whereas, said claim and demand has been compromised and adjusted
by and between myself and said company; now, therefore, in considera-
tion of the employment by said company for such time only as may be
satisfactory to said company, I do hereby acknowledge full settlement,
payment and satisfaction of all claims and demands against the company

Vol. 30 Civil—1.

for injuries and damage aforesaid, and do hereby fully release and discharge said company from any and all claims of whatever kind and character I may have on account of, or arising from said injuries.

"Witness my hand this 15th day of October, 1900.    J. T. Carroll.
Witness:    W. N. King, L. C. Allen."

The plaintiff pleaded in avoidance of said release that it was without consideration.   The trial judge held that a consideration was shown and instructed a verdict for the defendant.

The consideration stated in the release is an agreement on the part of appellee to give employment to appellant "for such time only as may be satisfactory to said company."   The written contract does not fix the term of employment, and the option to fix the term was not given to appellant, but was reserved by appellee.   Where the term of employment is thus left indefinite, either party may put an end to it at will and without cause.   Railway v. Scott, 72 Texas, 70; Railway v. Morris, recently decided by this court and not yet reported; Railway v. Winton, 7 Texas Civ. App., 57; Railway v. Wilson, 24 S. W. Rep., 686.   See also Machine Co. v. Smith, 15 N. W. Rep. (Mich.), 906; Manufacturing Co. v. Ellis, 35 N. W. Rep. (Mich), 841; Singerley v. Thayer, 2 Atl. Rep. (Pa.), 230.   Appellant did not by the conditional promise of employment acquire any valuable or enforcible right, and the release on its face shows no such consideration as would be sufficient to bar a recovery herein.

Appellant was injured on October 5, 1900.   He returned to work about ten days later.   After he had been at work three or four days the release above mentioned was presented to and was signed by him. He continued to work for about a month when he voluntarily resigned. It was a rule of appellee not to keep anyone in its employ who had been injured in its service unless he would release his claim for damages, and appellant was acquainted with the rule.   We think it must be held that the work done by appellant after the release was executed was done under the contract of employment evidenced by that instrument. Appellee actually gave appellant employment for a time and paid him wages for services rendered by him.   The employment was given in consideration of the release by appellant of his claim for damages.   This constituted a valuable and sufficient consideration for the release.   Railway v. Sullivan, 48 S. W. Rep., 598.   There being no controversy as to the facts the trial judge was justified in giving the peremptory instruction.

The judgment is affirmed.

*Affirmed.*