GULF, COLORADO & SANTA FE RAILWAY COMPANY v. C. A. WINTER.

Decided January 18, 1905.

**1.—Evidence—Opinion—Negligence.**

The existence of a rule requiring section foreman to flag against trains at curves is not conclusive as to the failure to do so being negligence in a particular case, and the opinion of a skilled railroad man, that the curve in question was not one where such precaution would be considered necessary, was admissible.

**2.—Evidence—Custom.**

On the issue of negligence in failing to signal, by whistle, the approach of a train to a curve, evidence as to the giving of such signal by other trains was admissible to show that it was regarded as a point where such signal should be given.

**3.—Release—Consideration—Evidence.**

Evidence that a release of damages relied on as a defense was executed in consideration of a promise to pay plaintiff for his lost time was properly admitted.

**4.—Release—Consideration—Reemployment.**

While reemployment of an injured servant for a time wholly optional with the master was too uncertain to form consideration for a release of his damages, reemployment for one day certain, and afterwards at the will of the employer only, was a sufficient consideration.

**5.—Accord—Promise—Satisfaction.**

A release of damages by an injured employe, in consideration of reemployment and a promise to pay him for lost time, followed by such reemployment, was a defense to his action for damages for the injury where the reemployment and promise to pay for the time lost, though such payment was not made, was accepted in lieu of his original right of action for the damages.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

*J. W. Terry* and *A. H. Culwell*, for appellant.—After the rule had been offered in evidence it was not competent to show by a witness whether or not a particular curve is such a one as required a foreman of a section gang to flag, because the rule determines the kind of a curve that ought to be flagged, and it is not competent for the witness to make himself judge and jury and pass upon the issue.

The sole question as made by plaintiff's pleading was, whether or not

a printed rule of the defendant had been violated by the engineer on the occasion in question, and the printed rule as charged in the petition was to the effect that it was the duty of the engineer to blow the whistle when within one thousand feet of the curve, and the evidence should have been confined to the act of negligence charged in the petition.

Where the plaintiff has agreed to accept the promise of the defendant in satisfaction of an unliquidated demand, then if such promise be not performed the plaintiff's only remedy is by action for the breach thereof, and he has no right to recur to the original demand, and in this case the plaintiff did agree to accept the promise of the defendant in satisfaction of the demand, together with other considerations which were not in dispute, and all things pertaining to such original demand became and were thereby fully closed and terminated. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 80; East Line R. R. Ry. Co. v. Scott, 72 Texas, 70; Quebe v. Gulf, C, & S. F. Ry., 10 Texas Ct. Rep., 296; Carroll v. Missouri, K. & T. Ry. Co., 69 S. W. Rep., 1004; Texas M. Ry. v. Sullivan 48 S. W. Rep., 598; Kingsley v. Kingsley, 20 Ill., 203; Merry v. Allen, 39 Iowa, 235; Babcock v. Hawkins, 23 Vt., 561; Spitze v. Baltimore & Ohio R. R., 23 Atl. Rep., 307; Brunswick & W. R. R. Co. v. Clem, 7 S. E. Rep., 84; Fitzsimmons v. Ogden, 10 U. S., 2; Wilder v. St. J. & L. C. Ry. Co., 25 Atl. Rep., 896; Allison v. Abendroth, 15 N. E. Rep., 606; Woodward v. Miles, 24 New H., 289; Hemingway v. Stansell, 106 U. S., 399; Tomlin v. McChord, 29 Ky., 4; Second Chitty on Contracts, 1124.

*Moore, Hearrell & Moore,* for appellee.—Where there is evidence that the curve on going south is not an open curve, and that it was the duty of the engineer to blow the whistle, and it is not such a curve as required a foreman to send a flagman around before starting around the curve, it is the prerogative of a jury to believe or disbelieve same.

Where the rule provides the greatest care must be exercised by section-men and bridgemen while using handcars or pushcars on main track to avoid collision with trains, especially at curves where flagmen should be sent ahead to avoid possibility of accident, it is competent to prove, where a flagman should be sent ahead to flag the curve. The rule by its own purport implies that at certain curves a flagman should be sent ahead and it is competent to prove by experienced section men to so state what curves it would be necessary for flagmen to be sent ahead to flag.

In order to compel appellee to rely upon a release by a breach of contract in this case, the accord must be fully executed and the amount to be received must be tendered and accepted in satisfaction of his claim for damages. Thurmond v. Bank of Georgia, 27 S. W. Rep., 318; Southern National Bank v. Curtis, 36 S. W. Rep., 914; Beach on Modern Law of Contracts, secs. 422, 437 and 441.

The omission in the pleading, if any, was cured by the verdict. Hill v. Ragland, 70 S. W. Rep., 637; Dunekake v. Beyer, 79 S. W. Rep., 209; Tillman v. Fletcher, 78 Texas, 673; Salinas v. Wright, 11 Texas, 572; Denison v. League, 16 Texas, 405.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by appellee for personal injuries alleged to have been sustained by him while employed as a section foreman for the appellant on February 19, 1903, it being alleged that while in the discharge of his duties as such foreman, and while he and six members of his crew were propelling a handcar around a curve, a freight train suddenly appeared, which caused one of the section men to suddenly apply the brakes on the handcar, by reason of which the car was suddenly stopped, and appellee was compelled to jump for his life, and that in doing so, he sustained serious and permanent injuries. He alleged that the railway company had a rule requiring the engineer on the freight train to blow the whistle within 1,000 feet of the approach to the curve, which the engineer on the freight train in question failed to do; and which if he had done, would have enabled the section crew to have stopped the car gradually and in safety.

Appellant answered by general demurrer, general denial and specially that if the accident was occasioned and appellee was hurt, the same was the result of one of the risks assumed by him when he entered the service. Also that he was guilty of contributory negligence, which proximately contributed to the accident. And further, that after the accident complained of, the railway company made a settlement with the plaintiff for the injuries therein sustained, and took from him a release fully covering the same, which release is yet in full force and effect, based on sufficient consideration, which was paid and accepted, and which was pleaded in bar of any recovery herein.

Appellee replied by supplemental petition, alleging failure of consideration in the execution of said release.

The case was tried before a jury and verdict rendered in favor of plaintiff in the sum of $1,800, and judgment entered thereon.

Appellant's first and second assignments of error assail the verdict of the jury upon the ground that it is not supported by the evidence. We overrule these assignments, as in our opinion there is sufficient evidence in the record to support the verdict.

As the judgment of the court below will be reversed on other grounds, and as the question raised by appellant's third assignment of error will not likely recur on another trial, it becomes unnecessary for us to consider same.

Appellant's fourth assignment of error complains of the action of the court below in permitting the witness, W. F. White, to testify on behalf of the plaintiff as to the kind of a curve that should be flagged while section men are operating handcars; and in other respects to testify that the curve where this accident occurred was not such a one as required the use of a flag. We are of opinion that the court below did not err in admitting this testimony. The question as to whether the appellee was guilty of contributory negligence in failing to send a flagman ahead at the curve where the accident occurred, was one of fact for the jury to determine, not alone from the rule introduced in evidence, but from all the conditions and surrounding circumstances in connection with such rule; and if it was not such a curve, in view of such conditions and surrounding circumstances, as a section foreman, in the exercise of ordinary care, would flag, such a fact was competent and material evi-

dence to be submitted to the jury, and such fact could be testified to by anyone who had knowledge thereof.

By its fifth assignment of error, appellant complains of the action of the court in permitting the witness J. S. Denson to testify that it was usual and customary for engineers to blow the whistle for the curve where this accident occurred; and by its sixth assignment of error, complains of the action of the court in permitting the witness Jim Price to testify that he had heard trains blow the whistle for the curve where this accident occurred. We overrule these assignments of error, a material issue in the case being whether the curve at which the accident occurred was such a one as the rules of the company required to be signalled by the engineers of trains in approaching the same. The testimony of said witnesses was admissible as tending to show that it was such a curve.

There was no error in the action of the court complained of in appellant's 8th and 9th assignments. There is testimony in the record tending to support the contention of appellee that appellant agreed to pay him for his lost time, and that the release pleaded by appellant was executed in consideration of the performance of appellant's promise to pay him for such lost time. In other words, there is testimony tending to show that appellee agreed to accept the performance of appellant's promise to pay him for his lost time in satisfaction of his claim for damages against appellant. Hence the court was not authorized to withdraw this issue from the jury; and after verdict, it was not warranted in setting same aside on the ground that there was no evidence to support it on this issue. (Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 78-80.)

Appellant's tenth assignment of error complains of the refusal of the court to give to the jury its special charge No. 3, which is as follows: "If you find from the evidence that in consequence of the settlement alleged to have been made, if you believe same was made, and plaintiff was given employment by defendant in consequence and in consideration of such settlement, and that, but for such settlement, he would not have received such employment, and that the plaintiff so understood when he signed the release and took the employment, then you will find for the defendant."

While the language in this charge is somewhat ambiguous and confused, we construe it to embody the proposition that if the settlement claimed by appellant, as evidenced by the release introduced in evidence, was made by appellee in consideration of his employment promised and agreed to by appellant in said release, and that appellee received said employment as a consideration for the release of his claim for damages against appellant, then the appellant would not be liable to appellee for any amount. The consideration for the release, as recited in the instrument itself is the sum of $1, and the promise of the company to employ appellee for one day as section foreman at the usual rate of pay "and for such further time and in such capacity as may be satisfactory to said company, and not longer or otherwise." The language in quotation could not constitute any part of the consideration for the release, as it is too uncertain to be enforceable, because the time of employment is wholly optional with the appellant. (Missouri, K. & T. Ry. Co. v. Smith, 10 Texas Ct. Rep., 302.) And actual employment and payment of wages for some time under the promise to employ for such time only

as may be satisfactory to the company, would not constitute a consideration for the release (id.). But we are inclined to the view that payment of $1 and promise of employment for one day as section foreman at the usual rate of pay, might constitute a consideration for the release, and that this issue should have been submitted to the jury by a proper instruction, and that the special charge asked by appellant, while not strictly accurate in view of the evidence, was sufficient to call the attention of the court to the issue to which it was intended to apply, and to require of the court an appropriate instruction upon such issue.

By its seventeenth assignment of error, appellant complains of the refusal of the court below to give to the jury its special charge No. 2, which is as follows: "If you believe from the evidence that on or about the 1st day of April, 1903, the plaintiff agreed with the defendant upon a compromise of his claim for damages sued on in this case for the sum of $1 and the promise to employ him for one day as a section foreman; and the further promise of the general claim agent of the defendant company to pay to the plaintiff the full time lost by him on account of his injuries, same to be ascertained by a statement of the attending physician, and if you believe that the plaintiff then and there accepted said promise and agreement, together with the $1 and the employment of him for one day as a section foreman in satisfaction and discharge of his original cause of action on account of his injuries, and that he agreed and expected to look to and demand of the defendant the sum of the time lost by him on account of such injuries when same were ascertained by his physician, under said promise and agreement, and not to demand of defendant damages on account of his original cause of action as it stood before such promise and agreement was made, then you will find a verdict for the defendant."

The testimony of appellee, in connection with the letters introduced in evidence showing the correspondence between him and appellant's claim agent, do not entirely exclude the theory that he accepted the promise of appellant to pay him for his lost time, in connection with the payment of $1 and employment for one day in satisfaction of his claim for damages against appellant. A part of appellee's testimony tends to show that he did so accept such promise. We therefore think the court below erred in not giving to the jury appellant's said special charge. (Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 78-80.)

Appellant's other assignments of error not herein discussed, have been considered, but are not regarded as well taken.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*