## McCONNELL v. DAVIS.

No. 3987. Opinion Filed April 27, 1915.

(148 Pac. 687.)

1. PLEADING—Petition—Objection—Demurrer. The proper practice to challenge the sufficiency of a petition is by demurrer; and where a petition is challenged solely by an objection to the introduction of any evidence thereunder, such objection not being favored by the court, it should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought.

2. PLEADING—Cross-Petition—Evidence. When the allegations and statements contained in a cross-petition do not, under the most favorable construction that can be given such pleading, state facts sufficient to constitute a cause of action against plain-

tiff and in favor of defendant, while such practice is not favored by the courts, the court, under proper objection, should decline to hear evidence in support of the statements and allegations contained in such cross-petition.

3. **APPEAL AND ERROR—Brief—Purpose and Requisites.** The office of a brief is to aid the court in reviewing the case to which such brief refers, and not to be used as a vehicle for frivolity and attempted wit, not germane to any issue in the cause, and thus avoiding any legitimate discussion of the case or citation of authorities.

(Syllabus by Collier, C.)

*Error from District Court, Seminole County;*

*Tom D. McKeown, Judge.*

Action by O. F. McConnell against W. A. Davis. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions to dismiss.

*Crump, Fowler & Skinner,* for plaintiff in error.

*Davis & Davis,* for defendant in error.

COLLIER, C. This is an action of ejectment to recover possession of 40 acres of land in Seminole county, and for damages for the unlawful withholding possession thereof, and for rents and profits, instituted on the 31st day of December, 1909, by plaintiff in error, hereinafter designated plaintiff, against defendant in error, hereinafter designated defendant. The land in controversy was the homestead allotment of one Fred Brown, a Seminole citizen, not of Indian blood, who, on the 24th day of September, 1904, leased said land and other lands to D. H. Shawnee, said lease running from the 1st day of January, 1905, to the 1st day of January, 1910, for a consideration named in said written lease. Said lease, among others, contains the following clauses:

"(1) The above-named land may be subleased by said lessee without the consent of the lessor.

"(2) It is further covenanted and agreed by the parties hereto that any improvements that may be made by lessee on said

lands shall be put upon the homestead [describing what the improvements may consist of]. Lessor agrees at the expiration of lease to pay for all improvements placed thereon."

On the 15th day of February, 1906, said D. H. Shawnee subleased said land to E. D. Brown; and on the 26th day of July, 1906, said Brown leased said land to W. A. Davis, who was in possession of same at the time said suit was instituted. Plaintiff claims said land by virtue of a deed, executed by Fred Brown to him after July 28, 1908, and prior to the institution of this action of ejectment. Defendant, after other pleadings, filed a cross-petition, the only basis of which was that he (defendant) and the original lessee had made improvements upon said homestead part of said lands under the authority of the terms of said original lease, which had not been paid for by said lessor, Frank Brown, and prayed judgment against plaintiff in the sum of :$605.50 for such improvements. Thereafter said cause came on to be heard, and it was stipulated and agreed in open court by and between plaintiff and defendant that, at the time said suit was instituted by plaintiff, plaintiff was the owner of said land described in the petition in this cause, and that, at said time, defendant was in possession of the land, and that, subsequent to the institution of this suit, "the defendant vacated the premises and gave possession to the plaintiff, and that the only thing now that plaintiff claims in this cause is the costs of the action." Thereupon the trial proceeded as to the pretended issues raised by the cross-petition; and against the separate objection of plaintiff, which was duly excepted to, the original and the two subleases were introduced in evidence, and testimony, against the objection and exception of plaintiff, was admitted as to the value of said improvements placed upon said homestead by D. H. Shawnee and another, under the provisions of the original lease contract, and under such evidence the court found that the value of said improvements was the sum of $262, less a credit of $10, and that the original lessor agreed to pay for all the improvements on the land at the expiration of the lease, and concluded, as a

matter of law, "that defendant, W. A. Davis, is entitled to judgment against O. F. McConnell, the plaintiff, in this action, for the sum of $252, with interest thereon at the rate of 6 per cent. from January 1, 1910," and that plaintiff was entitled to possession of said premises.

Plaintiff made timely motion for new trial, which was overruled by the court, to which plaintiff duly excepted. On the 12th day of December 1911, judgment was entered in favor of defendant and against plaintiff for said sum of $252, with interest at the rate of 6 per cent. from January 1, 1910.

Plaintiff assigns seven specifications of error; but, for a proper review of this cause, it is necessary to consider only the first assignment of error, which is: "That the court erred in overruling the motion for new trial."

It is conceded by defendant in error that the said land was restricted Indian land, and that the homestead was not subject to have a lien imposed upon it for the cost of the improvements; and it is difficult to understand by what reasoning the court reached the finding of fact that, by purchasing the land, plaintiff became liable in the most remote way for costs of the improvements made thereon by the original lessee and another under the original lease in this case, for which the lessor agreed, long prior to the purchase by plaintiff, to pay at the expiration of the lease, and with which obligation plaintiff is not shown to have the least connection.

The cross-petition in this case totally fails to allege any matter essential to the relief sought against plaintiff and in favor of defendant, and the court erred in permitting evidence, against the objection of plaintiff, to be introduced to support the allegations of said cross-petition.

The conclusion of law and the judgment rendered thereon are contrary to law, and the court committed grievous error in so concluding and rendering such judgment, and should have granted

a new trial and dismissed the case. The courts do not favor challenging the sufficiency of a petition by an objection to the introduction of evidence thereunder; but where there is a total failure, as in this case, to allege some matter essential to the relief sought, such attack of the petition should be sustained, notwithstanding the better practice is to challenge the sufficiency of the petition by a demurrer. *Sulsberger & Sons v. Castleberry*, 40 Okla. 613, 139 Pac. 837.

We deem it proper to remind the attorneys for defendant in error that briefs are written for the purpose of aiding the court to review the case, and not to indulge in frivolity and attempted wit, which has no bearing on the issues involved. The defendant's brief does not legitimately argue the issues in the case, or cite a single authority.

It follows that this cause should be reversed and remanded, with instructions to the lower court to dismiss the cause and tax the defendant with the entire costs of the case.

By the Court: It is so ordered.