# BALL v. WHITE.

No. 4251.  Opinion Filed June 22, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 901.)

1.  **PLEADING — Objection — Demurrer — Introduction of Evidence.**
The proper practice to challenge the sufficiency of a petition is by
demurrer; and where it is challenged solely by an objection to the
introduction of any evidence thereunder, such objection, not being
favored by the court, should generally be overruled, unless there is
a total failure to allege some matter essential to the relief sought.

2.  **APPEAL AND ERROR—Trial—Interrogatories—Equity Case.**
Where a jury is impaneled in a case of purely equitable cognizance,
to aid the court in determining the facts, it is entirely within the
discretion of the court as to what interrogatories the court pro-
pounds to the jury; and error cannot properly be assigned that the
court erred in propounding such interrogatories, or that the inter-
rogatories propounded were not germane to the issue involved.

3.  **SAME—Instructions—Equity Case.**  Where a jury is impaneled
in a case of purely equitable cognizance, to aid the court in finding
the facts, the findings of the jury being merely advisory, the giv-
ing or refusal to give certain instructions, regardless of whether
or not such instructions given or refused correctly state the law,
cannot properly be assigned as error.

4.  **CONTRACTS—Consideration—Sufficiency.**  It may be laid down
as a general rule that there is sufficient consideration for a prom-
ise made in writing, if there is any benefit to the promiser, or any
loss or detriment to the promisee.  It is not necessary that a
benefit should accrue to the person making the promise.

5.  **SAME—Want of Consideration—Burden of Proof.**  Where the ex-
ecution of a written instrument is admitted, but want of consid-
eration therefor pleaded, the burden is upon the party executing
the instrument to prove by a preponderance of the evidence the
want of consideration.

6.  **SPECIFIC PERFORMANCE—Contract to Convey Land—Dam-
ages.**  Where it appears from the evidence, in an action for spe-
cific performance of a contract to convey land, that the considera-
tion has been fully paid, and that defendant is not in a position to
specifically perform the contract, by reason of not having clear title
to the land contracted to be conveyed, the court may legally award
plaintiff damages, measured by the value of the land at the time it

should have been conveyed, with legal interest thereon from said time.

7. **SAME—Sufficiency of Evidence.** Upon consideration of the whole record and a careful reading of the evidence, we find the judgment of the court is sustained by the weight of the evidence.

8. **EQUITY—Scope of Relief—Multiplicity of Suits.** This being a case purely of equitable cognizance, the court, having obtained jurisdiction of the controversy, will administer complete relief, in order to avoid a multiplicity of suits.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by J. J. White against C. R. Ball and another. Judgment for plaintiff, and the defendant named brings error. Affirmed.

This action was commenced by J. J. White, hereinafter called plaintiff, against the Success Realty Company, a corporation, and C. R. Ball. Upon the ground that the statements in plaintiff's petition did not state facts sufficient to constitute a cause of action against the Success Realty Company, the action as to said company was dismissed, and the cause proceeded against C. R. Ball, hereinafter designated defendant. This action was brought to enforce the specific performance of the following written instrument, entered into by said Ball with plaintiff:

"OKLAHOMA CITY, OKLAHOMA, April 12, 1911.

"Received of J. J. White one dollar, and other valuable consideration, in full payment for lots numbered 16, 17, 39, 40, 41, 42 and 43, in block 15, Success Heights addition to Oklahoma City, Oklahoma; deed and abstract to said lots to be delivered to said J. J. White on or before August 10, 1911. C. R. BALL."

The cause came on for trial to the court and a jury was empaneled to aid the court in determining the facts. Defendant objected to the introduction of any evidence,

upon the ground that the petition failed to state a cause of action, and moved the court for judgment on the pleadings, upon the same grounds. The court overruled said objection, to which defendant duly excepted.

Plaintiff introduced in evidence the instrument sued on in this action, and testified that he knew C. R. Ball; that said instrument was signed by said Ball on the day of its date, and delivered to him by said Ball; that on August 10, 1911, he called upon Mr. Ball to comply with the contract; that Ball did not do so; that the last time he talked to him about it Ball said he had sent off some papers, and that said papers contained a release on the lots, and that they would return soon and he would fix it up; that he did not call upon him again; that he had never made plaintiff a deed, or given him an abstract; that he had had experience in selling lots; that he knew where they were located, and that he thought the lots were reasonably worth $1,205; that prior to the acceptance of the receipt Ball stated there was a little against the lots at that time, but he would clear it up at the expiration of the contract; that he did not pay Mr. Ball a dollar for signing the receipt; that "he paid him a good many dollars in service"; that he was hired to said Ball, as president and manager of the Success Realty Company; that he had been working for said company about a year and a half prior to the date of said contract, and that there was a balance due him from said company of $1,205 at the time the instrument in evidence was executed; that at the time Ball gave plaintiff this instrument and agreed to give him a deed to said property plaintiff agreed to release his debt against the Success Realty Company. The defendant demurred to the evidence,

which demurrer the court overruled, and defendant duly excepted.

Defendant testified that he owned an equity in the lots named in said written instrument offered in evidence, and was such owner on the 10th day of August, 1911; that he was not in a position to make this plaintiff a warranty deed to said lots, free and clear of incumbrance; that there was a mortgage against said lots which was unreleased; that plaintiff did not pay him the dollar named in the written instrument sued upon; that he did not owe said plaintiff any money, property, or other valuable consideration at the time; that there was no agreement between him and White to the effect that he was to convey to him any lots free and clear of incumbrance; that he wrote the paper introduced in evidence; that he received no valuable consideration for it; that he was president of the Success Realty Company; that the reason he did not give a deed to this property and gave the receipt was that he simply wanted to satisfy the plaintiff; that, as he did not receive any consideration, he did not intend to carry it out "when he gave it to him"; that it was not true that either the company or defendant owed plaintiff anything at all.

The court propounded to the jury five interrogatories, which were answered as follows: That there was a consideration for the instrument sued on, by services rendered C. R. Ball, as president of the Success Realty Company; that the value of the estate in controversy was $1,205; that the title to be conveyed by defendant to plaintiff was to be a clear title; and that it was so understood by both parties. Said findings were adopted by the court, and supplemented by an additional finding or qualification to the finding of the jury that the con-

sideration be $1,205 which is due plaintiff from the Success Realty Company, and which indebtedness should be satisfied by the execution of the instrument here sued on, and that such was the understanding of the parties, and that was the true condition, and that, under the undisputed evidence, defendant was unable to convey to plaintiff the sort of title he contracted to convey, and that plaintiff was entitled to recover whatever damages he sustained by reason of the inability of defendant to carry out the contract according to its terms, that is, the value of the land which was to be conveyed, which was $1,205. The court rendered judgment in favor of plaintiff for said sum, and decreed a lien on whatever interest defendant bought or had in the property covered by the contract. To said findings of fact and judgment rendered the defendant excepted. Within due time defendant filed a motion for new trial, which motion was overruled and to which action of the court the defendant duly excepted. From said judgment this appeal is prosecuted, under the following assignments of error:

"(1)   Said court erred in overruling the objection on behalf of plaintiff in error to the introduction of any evidence.

"(2)   Said court erred in not rendering judgment for the plaintiff in error on the pleadings.

"(3)   Said court erred in overruling the demurrer of plaintiff in error to the evidence.

"(4)   Said court erred in admitting evidence on the part of the defendant in error.

"(5)   Said court erred in giving the following instruction to the jury, to wit:   Instruction numbered 3.

"(6)   Said court erred in submitting the five special interrogatories to the jury.

"(7) Said court erred in supplementing or qualifying the second finding of fact of the jury.

"(8) Said court erred in overruling the motion of plaintiff in error for a new trial."

B. O. Young, for plaintiff in error.

Giddings & Giddings, for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). This is an equity case, and therefore the fifth, sixth, and seventh assignments of error are without force. In the case of *Success Realty Co. v. Trowbridge, ante,* p. 402, 150 Pac. 898, this court held:

"Where a jury is impaneled in a case purely of equitable cognizance to aid the court in determining the facts, it is entirely within the discretion of the court as to what interrogatories the court propounds to such jury; and error cannot properly be assigned that the court erred in propounding such interrogatories, or that the interrogatories propounded were not germane to the issues involved.

"Where a jury is impaneled in a case purely of equitable cognizance to aid the court in finding the facts, the finding of the jury being merely advisory, the giving or refusal to give certain instructions, regardless of whether or not such instructions given or refused correctly state the law, cannot, on appeal to this court, properly be assigned as errors."

The first, second, third, and fourth assignments of error will be considered together.

The petition does not show a total failure to allege some matter essential to the relief sought, and hence the court did not err in admitting evidence under the petition, and in overruling the motion for judgment on the pleadings. The proper practice to challenge the sufficiency of a petition is by demurrer, and where a petition is chal-

lenged solely by an objection to the introduction of any evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is total failure to allege some matter essential to the relief sought. *McConnell v. Davis*, 46 Okla. 201, 148 Pac. 687; *Sulzberger & Sons v. Castleberry*, 40 Okla. 613, 139 Pac. 837.

The evidence of the plaintiff conclusively shows, and it was admitted by plaintiff in error, that the written instrument sued upon was executed by him, and that same was executed with the proviso that same was to operate as a release of any claim of plaintiff against the Success Realty Company, and that upon demand the said Ball had failed to convey said lots, and that said lots contracted to be conveyed were worth about $1,205. It is the settled rule that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions that may be reasonably and logically drawn from the evidence. *Wm. Cameron & Co. v. Henderson*, 40 Okla. 648, 140 Pac. 404; *St. L. & S. F. R. Co. v. Snowden*, 48 Okla. 115, 149 Pac. 1083. Applying the above-stated rule, it is conclusively shown that the court did not err in overruling the demurrer to the evidence.

Plaintiff in error insists that the failure to allege and prove a consideration moving from the plaintiff to defendant is fatal to a recovery by the plaintiff in this action. Said contention is without merit. It is entirely immaterial whether or not there was a consideration moving from the plaintiff to defendant for the execution of the paper sued on. If the result of the transaction was, as shown by the evidence in this case, to discharge a liability due to plaintiff by the Success

Realty Company, although defendant may not have been personally liable thereon, it was a sufficient consideration for the execution of the instrument sued on in this case.

Cyc., vol. 9, p. 311, states the rule as follows:

"It may be laid down as a general rule, in accordance with the definition given above, that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made; or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction."

Defendant admitted that he executed the instrument for which specific performance is prayed; and therefore the presumption of law is that there was a consideration for the execution of the paper. This places the burden upon defendant to overcome such presumption by a preponderance of the evidence, which burden the defendant has failed to discharge.

While it is shown by the evidence that defendant was not in a position to specifically perform the contract, the court, being one of equity, having obtained jurisdiction of the controversy, will retain such jurisdiction for the purpose of administering complete relief and doing justice in the matter, in order to avoid a multiplicity of suits. This rule of equity is universally adhered to by the courts of last resort in the English-speaking world.

Upon a consideration of the whole record, and a careful weighing of the evidence, we find the judgment of the trial court is supported by the weight of the evidence, and that therefore the court did not err in overruling the motion for a new trial.

Finding no prejudicial error in the trial of this cause, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.