## LUSK et al. v. WHITE.

No. 7899. Opinion Filed October 24, 1916.

On Rehearing, December 12, 1916.

(161 Pac. 541.)

1. **RELEASE—Consideration—Validity.** In order to support a release a legal consideration is necessary, but it is not essential that the consideration should be adequate, and, in the absence of fraud, the written release of damages on account of injuries received through the negligence of a railroad company, upon consideration of the continued employment by the company of the person injured, is a valid consideration, and such release may be successfully pleaded in bar of an action for recovery of damages against which the release was given.

2. **CONTRACTS—Presumptions—Fraud.** It is a well-settled rule that fraud is never presumed, and that, where a written contract is attacked on that ground, the contract will be upheld, unless the allegations of fraud are established by clear and convincing evidence, and the fraud must be predicated upon existing facts, and cannot consist of mere promises as to future action.

3. **EVIDENCE—Parol Evidence Rule.** Where a written contract is unambiguous, its terms cannot be changed by evidence **dehors** the contract.

4. **MASTER AND SERVANT—Injuries to Servant—Evidence.** In an action to recover damages for negligence on the part of defendants, the negligence averred was that a brake had been carelessly and negligently permitted by the defendants to become out of order, and would not operate properly, which fact was unknown to the plaintiff. Plaintiff himself testified that he did not know of his own knowledge that there was anything the matter with the brake, except what he thought ought to have been the result of the use by him of the same, while the defendants offered conclusive evidence of inspection and proof that the brake complained of was in proper order. **Held,** that plaintiff failed to show actionable negligence on the part of the defendants as to said brake.

5. **NEGLIGENCE—Actions—Burden of Proof.** To entitle the plaintiff to recover in an action for damages for injuries received, the burden is upon him to prove by a preponderance of the evidence the negligence of the defendants, and that the negligence averred and proved was the proximate cause of the injuries received by the plaintiff.

(Syllabus by Collier, C.)

## ON REHEARING.

6. **MASTER AND SERVANT—Negligence—Proximate Cause—Questions for Jury.** Evidence examined, and **held** sufficient to take the case to the jury upon the question of the primary negligence of the defendant, and whether the negligence averred and proved was the proximate cause of the injuries received by the plaintiff.

(Syllabus by the Court.)

*Error from District Court, Garfield County;*
*James B. Cullison, Judge.*

Action by George D. White against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiffs in error.

*Parker & Simons,* for defendant in error.

COLLIER, C.  This is an action brought by the defendant in error against the plaintiffs in error to recover damages for injuries alleged to have been received by the defendant in error by reason of the negligence of the plaintiffs in error.  Hereinafter the parties will be designated as they were in the trial court.

There are two causes of action set up in the petition. The first cause of action is to recover for injuries received, which occurred on the 5th day of September, 1914, and the averments of negligence as to the same are that the car on track No. 4 had carelessly and negligently been left standing by the employees of defendants other than the plaintiff in a position too close to the track on which was the car on which plaintiff was riding, and not sufficient space allowed between said car on track No. 4 and the other track to allow for passage of said car.  The second cause of action is for injuries received on December 14, 1914, and the averments of negligence as to the same are "that said brake had been carelessly and negligently permitted by the defendants to become out of order and would not operate properly, which fact was unknown to the plaintiff," and plaintiff attempted to set said brake and stop said caboose at the place where it was intended to set on one of said tracks.

The answer of the defendants to the first cause of action, among other defenses, sets up that there had been a full settlement, adjustment, accord, and satisfaction between plaintiff and defendants covering all claims, causes of action, and rights growing out of the alleged injuries to the plaintiff, in this, to wit, that on the 10th day of November, 1914, the said plaintiff, in consideration of the employment of said plaintiff for one day as switchman at the usual rate of pay and for such further time and in

such capacity as might be satisfactory to said defendants, which said employment was given to and accepted by the said plaintiff in settlement for any and all injuries that he may have sustained at Enid, Okla., on the 5th day of September, 1914, on account of falling from a car while switching in the yards of said defendants in the city of Enid, did release and forever discharge said defendants, their agents and employees from any and all liability and all claims and demands resulting from the injuries received by said plaintiff at the time and place above stated. "And said plaintiff did thereby release and discharge said defendants and each of them from all suits, actions, causes of action, and claims for damages for said injuries, and did further acknowledge full satisfaction of all such liability and causes of action, as more fully appears from the release signed by said plaintiff, a copy of which is hereto attached, marked Exhibit A and made a part hereof." The exhibit which is attached to the answer, omitting the caption, is in words and figures as follows:

"Whereas, I, the undersigned, on or about the 5th day of September, 1914, was injured at or near Enid, Okla., in the State of Oklahoma, on the line of the St. Louis & San Francisco Railroad, Thos. H. West, W. C. Nixon, W. B. Biddle, receivers, while in the employ of said receivers, and under circumstances which I claim render said receivers liable to me in damages, although said claim and liability are denied by said receivers; and,

"Whereas, said receivers will not employ or retain in their employment any person who has an unadjusted claim against them for damages, and I desire to be re-employed by said receivers and to remain in their employment:

"Now, therefore, in consideration of the promise of said receivers to employ me for one day as switchman at the usual rate of pay (the execution hereof being conclu-

sive evidence that said receivers have made me such promise), and for such further time and in such capacity as may be satisfactory to said receivers, and no longer, I agree to and do hereby compromise said claim and release and forever discharge said receivers, their agents and employees, from any and all liability and all claims and demands for all damages resulting from the injuries received by me at the time and place above stated; and I do hereby release and discharge said receivers and each of them from all suits, actions, causes of action, and claims for damages for said injuries; and I hereby acknowledge full satisfaction of all such liability and causes of action; it being expressly understood and agreed that said receivers are not bound or obligated by these presents or otherwise (except as to said one day) to retain me in any particular kind of employment or for any definite time.

"I further represent and state that at the time of signing and sealing this release I am of lawful age and legally competent to execute it, and before signing or sealing it I fully informed myself of its contents and executed it with full knowledge thereof, this 10th day of November, 1914."

For answer to the second cause of action there is a general denial of each and every allegation contained in said second cause of action, and plea of contributory negligence and assumption of risk on the part of the plaintiff.

The plaintiff filed reply to the answer of defendants denying each and every allegation of the answer and alleging that the pretended settlement and release pleaded is contrary to law, public policy, and is null and void; that said pretended settlement and release is wholly void for want of consideration; that said pretended settlement and release is merely a form used by defendants and which they employ for the purpose of endeavoring to intimidate and prevent employees who have received injuries on their line of railroad from attempting to gain compensation there-

for, and by reason whereof they seem to take advantage of the necessities of their employees who are obliged to have work by means of which to earn a living for themselves and families; that said pretended settlement and release was procured from him by fraud on the part of the defendants and their duly authorized agents; that by reason of the fact that at the time the agents of defendants asked plaintiff to sign said release said plaintiff refused to sign the same if it would have any effect on his claim for damages against said defendants, and so told said agent.

Plaintiff in his reply to the answer of defendants to the second cause of action denies all and singular each and every allegation and statement of new matter therein contained.

Upon the conclusion of the evidence defendants moved the court to separately direct a verdict in favor of the defendants, and each of them, on the first and second causes of action alleged in plaintiff's petition, for the reason that under the evidence and pleadings it appeared that plaintiff was not entitled to recover on said first and second causes of action, which motion was overruled and exception duly saved.

Thereupon the defendants moved the court to direct a verdict in favor of the defendants on the second cause of action alleged in plaintiff''s petition, for the reason that under the evidence and pleadings the plaintiff, George D. White, was not entitled to recover against said defendants, which motion was overruled and exception duly saved.

The evidence in this case is very voluminous, and we have carefully examined the same, and, from the view which we take of the cause, we deem it unnecessary to set out the evidence. If it be admitted that the defendants

were liable to the plaintiff by reason of negligence for the injuries which he received on the 5th day of September, 1914, as averred in his first cause of action, we are of the opinion that the written compromise and settlement entered into by the plaintiff with the defendants was a complete answer thereto, unless it appears that said written settlement was obtained by fraud and without consideration. Having executed the agreement of settlement and compromise, as to which there is no dispute, the burden was upon the plaintiff, in order to escape the effect of such compromise and settlement, to show by a preponderance of the evidence that the same was obtained by fraud and misrepresentations and was without consideration on the part of defendants; and this burden, we think, he has failed to discharge, especially in view of the fact of his statement in the said writing that prior to signing and sealing the same the plaintiff had full information himself of its contents, and executed it with full knowledge thereof.

In *St. L. & S. F. R. Co. v. Bruner,* 52 Okla. 349, 152 Pac. 1103, this court, in the syllabus, say:

"Where the execution of a written instrument is admitted, but want of consideration therefor pleaded, the burden is upon the party executing the instrument to prove by a preponderence of the evidence the want of consideration."

In *Ball v. White,* 50 Okla. 429, 150 Pac. 901, it is held in the fourth and fifth paragraphs of the syllabus:

"It may be laid down as a general rule that there is sufficient consideration for a promise made in writing if there is any benefit to the promisor, or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise.

"Where the execution of a written instrument is admitted, but want of consideration therefor pleaded, the burden is upon the party executing the instrument to prove by a preponderance of the evidence the want of consideration."

In the case of *Forbs v. St. Louis, I. M. & S. Ry. Co.,* 107 Mo. App. 661, 82 S. W. 562, in which the contract is almost identical with the contract in the instant case, it is held:

"In order to support an agreement a legal consideration is requisite, but it is not essential that the consideration should be adequate in value. An employee who had been injured executed a release of his right to sue for damages 'for and in consideration of the re-employment' of the servant 'for such time only as may be satisfactory to' the employer. *Held* that, though agreement to re-employ was vague and indefinite in duration, it constituted a sufficient consideration for the release."

In the body of the opinion the court say:

"In reply plaintiff admitted the execution of the release, but, to evade its legal effect, charged it was wholly without consideration, and therefore not binding upon him. It appeared from the testimony that the accident occurred about midnight, and he lost $2\frac{1}{2}$ nights' wages, for which he had been receiving the rate of $45 per month, in consequence of his injuries, but resumed work on the night of the 23d, and was discharged April 26th. While, as a general rule, in order to support an agreement, a legal consideration is requisite, it is not essential to the validity of a contract that the consideration therefor should be adequate in value. A valuable consideration, although small, or even nominal, in absence of fraud, is enough to support the agreement entered into upon the faith of it. Beach, Contracts, vol. 1, par. 5. To quote from the early case of *Marks v. Bank,* 8 Mo. 316: 'It is unnecessary that the consideration should be adequate in point of actual value; the law having no means to decide

upon this matter. If the least benefit or advantage be received by the promisor from the promisee or a third person, or if the promisee sustain any—the least—injury or detriment, it will constitute a sufficient consideration to render the agreement valid'—the reason for such doctrine being that it is the policy of the law not to weigh the *quantum* of consideration, but refrain from interference with the freedom of contract, suffer the parties to freely exercise their judgment and will in consummating agreements and determine for themselves the benefits derived from their bargains. 6 Am. & Eng. Ency. of Law (2d Ed.) p. 694, par. 5. In the language of a tribunal of another state, adopted in *Blaine v. Knapp*, 140 Mo. loc. cit. 251, 41 S. W. 787 [789]: 'Courts of law must allow parties to make their own contracts, and can enforce only such as they actually make. Whether the contract is wise or unwise, reasonable or unreasonable, is ordinarily an immaterial inquiry.' Neither bad faith nor duress in obtaining the release were attributed to defendant, but it was executed by plaintiff of his own volition, comprehending that it relieved the defendant of liability, but actuated on his part by the desire to secure re-employment, and the cause of his discharge shortly ensuing was independent of and disconnected from the casualty. The re-employment of appellant, though vague and indefinite in duration, constituted a sufficient consideration for the discharge of defendant from liability, if any existed, and, as presented in this proceeding, the release confronts plaintiff as an impassable barrier to the maintenance of this action, and the judgment is affirmed."

While the authorities are in conflict upon the question of consideration herein involved, we think that the weight of authority is as concluded by us, that a sufficient consideration is shown for the execution of the release which is pleaded as a bar to the first cause of action. 34 Cyc. 1052-1054; *Quebe v. G., C. & S. F. R. Co.* (Tex. Civ. App.) 77 S. W. 442; *Penn. Co. v. Dolan*, 6 Ind App. 109, 32 N. E.

802, 51 Am. St. Rep. 289; *Chas. L. Smith v. St. Paul &
Duluth R. Co.*, 60 Minn. 330, 62 N. W. 392; *Thomas Hobbs
v. Brush Elect. Lt. Co.*, 75 Mich. 550, 42 N.·W. 965; *J. T.
Carroll v. M., K. & T. R. Co.*, 30 Tex. Civ. App. 1, 69 S.
W. 1004; *Forbes v. St. L., I. M. & S. Ry. Co.*, 107 Mo.
App. 661, 82 S. W. 562; *G., C. & S. F. Ry. Co. v. C. A.
Winter*, 38 Tex. Civ. App. 8, 85 S. W. 477.

The plea that the execution of said release on the
part of the plaintiff was obtained through fraud on the
part of the agent of the defendants, we think, is not sup-
ported by the evidence. Besides, to sustain by the evi-
dence offered the allegations of fraud would be to permit
the terms of an unambiguous written instrument to be
changed by parol evidence. Again, the basis of said fraud
charged, being the promise of the agent in regard to
future action as to payment to plaintiff for lost time, does
not support the allegations of fraud.

In 20 Cyc. 20, the rule is laid down as follows:

"As a general rule, false representations upon which
fraud may be predicated must be of existing facts, or
facts which previously existed, and cannot consist of mere
promises or conjectures as to future acts or events, al-
though such promises are subsequently broken, unless the
promise includes a misrepresentation of existing facts, or
the statement is as to some matter peculiarily within the
speaker's knowledge, and he makes the statement as a
fact."

In *St. L. & S. F. R. Co. v. Bruner, supra*, in the
opinion, this court say:

"The rule is well settled that fraud is never presumed,
and that, where a written contract is attacked on that
ground, the contract will be upheld, unless the allegations
of fraud are established by clear and convincing evidence."

In the absence of fraud, we do not think adequacy of the consideration can be inquired into, upon the ground that competent persons may make contracts for any lawful consideration that they desire.

The second cause of action is predicated upon a defective brake, and we are of the opinion that there is no evidence whatever to sustain the contention of such defective apparatus. Before the defendants can be held to be liable on the second cause of action, it must be shown by a preponderance of the evidence that the defendants were negligent, and that the negligence averred in said second cause of action was the proximate cause of the injuries received. Plaintiff himself testified that he did not know of his own knowledge that there was anything the matter with the brake that night, except what he thought ought to have been the result of the use by him of same, and when to this evidence is coupled the evidence of the defendants, it is conclusively shown that there was no defect whatever in the brake, and therefore there was a total failure on the part of the plaintiff to show any actionable negligence on the part of the defendants, as averred in his second cause of action.

That, to entitle plaintiff to recover upon said second cause of action, the burden was upon him to prove the negligence as averred in said second cause of action by a preponderance of the evidence, is so well established as to not require support by citation of authorities. This, burden of proof the plaintiff has failed to discharge.

We are of the opinion that the motions of the defendants for a directed verdict on the first cause of action and for a directed verdict on the second cause of action were each well founded and should have been sustained,

and that in overruling said motions the court committed reversible error.

From the conclusions that we have reached in this case it is unnecessary to review any other of the many errors assigned.

This cause should be reversed and remanded, with instructions to the trial court to enter judgment for the defendants and each of them upon each cause of action set up in plaintiff's petition.

### ON REHEARING.

PER CURIAM. Upon rehearing the Supreme Court approves the opinion prepared by the Supreme Court Commission upon the first cause of action, and orders judgment entered pursuant to the recommendation therein contained.

As to the second cause of action, a more thorough examination of the record convinces the court that there was sufficient evidence adduced at the trial to carry the case to the jury upon the question of primary negligence of the company and the question whether the negligence averred and proved was the proximate cause of the injuries received by the plaintiff. This portion of the opinion prepared by the commission is therefore disapproved by the court. The judgment of the trial court, however, as to this cause of action must also be reversed, and the cause remanded for a new trial, for the reason that the jury returned a general verdict in favor of the plaintiff upon both causes of action in the lump sum of $1,687.50; hence we are unable to ascertain from the record before us the amount of recovery the plaintiff is entitled to upon his second cause of action.

It is therefore ordered that the judgment of the court below be reversed, and the cause remanded for the rendition of judgment in favor of the defendants upon the first cause of action, and for a new trial as to the second.