## SANDERS v. PERCY.

No. 12572—Opinion Filed Dec. 11, 1923.

**1. Pleading—Sufficiency of Petition—Action on Contract.**

Where the action is based upon contract and petition in substantial compliance with section 265, Comp. Stat. 1921, same is good against an objection to the introduction of testimony on ground petition does not state a cause of action.

**2. Trial—Overruling Demurrer to Evidence.**

Where there is any testimony to prove the material facts alleged in the petition, it is not error to overrule the demurrer to the evidence.

**3. Partnership — Denial of Existence—Burden of Proof.**

Where plaintiff alleges a partnership and defendant denies it by verified answer, the burden of proving the partnership is on the plaintiff, and it is reversible error for the court to instruct the jury that the burden of proving no partnership is on the defendant.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Stephens County; G. T. Burrows, Judge.

Action by O. J. Percy against R. W. Sanders and Charles Reece. Judgment for plaintiff, and defendant Sanders appeals. Reversed and remanded.

Sandlin & Winans, for plaintiff in error.

H. W. Sitton, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by plaintiff in error, defendant below, from a judgment of the county court of Stephens county in favor of defendant in error, plaintiff below, and for convenience the parties will be referred to as they were there.

The plaintiff commenced his action by filing a petition which, omitting the caption, was as follows:

"Comes now the plaintiff, O. J. Percy, and for cause of action, against the defendants, Sanders & Reece, a firm composed of R. M. Sanders and Charles Reece, alleges and states:

"That the defendants are indebted to the plaintiff in the sum of $535 for labor as a driller for said defendants. That said sum is past due and unpaid although the defendants have been requested to pay the same; that said labor was done and performed at the special instance and request of the said defendants, and the amount claimed is just and true statement of the amount, and that the last labor was performed October 10, 1920.

"Wherefore, plaintiff prays judgment against the defendants, Sanders and Reece, for the said sum of $535 with interest thereon from the 10th day of October, 1920, at the rate of six per cent. per annum, the costs of this action and for such other and further relief as he may be entitled."

The defendants filed a motion to make the petition more definite and certain, which was overruled by the court, but since the defendants do not urge any error as to this matter in this brief, we will consider it waived.

The defendants filed an answer, consisting of a general denial, which was verified, and the issues thus joined were tried to a jury on February 24, 1921, and at the beginning of the trial the defendants objected to the introduction of any testimony on the ground that the petition failed to state a cause of action, which objection was overruled, and defendants saved an exception. At the close of plaintiff's evidence the defendant R. M. Sanders, for himself, interposed a demurrer to the evidence, which demurrer was by the court overruled, and defendant saves an exception.

The court instructed the jury, certain paragraphs of which instruction were excepted to by the defendant, and the jury returned a verdict in favor of the plaintiff for the amount sued for, and the court entered judgment according to the verdict, and the defendants appealed.

1. In the first place, the defendants complain of the court's action in overruling their objection to the introduction of any testimony at the beginning of the trial, and contend this was error, because the petition did not state facts sufficient to constitute a cause of action. They contend that plaintiff's claim was based upon quantum meruit, and the facts alleged not sufficient to constitute a cause of action under the common-law rule, citing Casey et al. v. Mason, 8 Okla. 665, 59 Pac. 252; Danser v.

Mallonee (W. Va.) 86 S. E. 895; Kilpatrick-Koch Dry goods Co. v. Box (Utah) 45 Pac. 629; Oklahoma County v. Blakeney, 5 Okla. 70, 48 Pac. 101; Choctaw, O. & G. R. Co. v. Zwirtz, 13 Okla. 411, 73 Pac. 941; and other cases. .

But defendants' assumption is not well founded. The action is not on quantum meruit, but upon contract, and the petition in substantial compliance with section 265, Comp. Stat. 1921, and the same is good against an objection to the introduction of testimony on the ground petition does not state a cause of action. Guthrie v. Finch, 13 Okla. 496, 75 Pac. 288; McConnell v. Davis, 46 Okla. 201, 146 Pac. 607; Levy v. Tradesmen's State Bank, 78 Okla. 118, 188 Pac. 1077; Ball v. White, 50 Okla. 429, 150 Pac. 901; Sulsberger v. Castleburry, 40 Okla. 613, 139 Pac. 837; Abbott v. Dingus, 44 Okla. 567, 145 Pac. 365.

2. In the next place defendants contend that the evidence was not sufficient to make out a case against them and the court committed error in overruling their demurrer to the evidence. We have examined the record carefully, and cannot agree with this contention. We think testimony was amply sufficient to prove the claim of the plaintiff and the liability of the defendants, and upon the whole record, the evidence was sufficient to submit the issues to the jury and the court committed no error in this respect.

3. Defendants further contend that the court committed error in certain instructions to the jury. We have examined these instructions, and, with the exception of paragraph 4, we think upon the whole charge the court submitted the issues to the jury sufficiently clear for them to understand the issues involved, but paragraph 4 is clearly objectionable and the statutory rights of the defendants were violated thereby. This paragraph is as follows:

"You are further instructed, gentlemen of the jury, that the defendant, R. M. Sanders, has offered evidence which has been admitted for your consideration, to the effect that the defendant, Charles Reece, and the defendant, R. M. Sanders, were not partners, and the burden of proof on this part would be upon the defendant to prove to your satisfaction by preponderance of the evidence, that a partnership did not exist, between the defendants, Sanders and Reece."

This instruction places the burden of proof upon the defendants, which according to the pleadings was upon the plaintiff. Moning Dry Goods Co. v. Wiseman, 60 Okla. 94, 159 Pac. 259.

We believe the plaintiff's claim is just, and under the testimony in the case that he is entitled to the full amount sued for, and, while we think that the petition of the plaintiff was defective, and if the motion were insisted upon to make more definite and certain, that the same should be sustained, and the petition should set out more fully the facts upon which the claim is based, but the motion to make more definite and certain was not urged as error on appeal and there was no demurrer to the petition, and it was good against an objection to the introduction of testimony, and, we think the trial was fairly conducted and the defendants' cause was not prejudiced except in this fourth paragraph of the court's instruction, and yet we are inclined to believe if this paragraph had been omitted, that the jury would, in all probability, have returned the same verdict that they did.

We do not like to reverse this case, and section 2822, Comp. Stat. 1921, provides that a new trial should not be granted on account of misdirection of the jury if upon the whole record it appears the judgment is just, unless there is a substantial violation of a constitutional or statutory right. We think the judgment was just, but a plain statutory right was violated by this instruction, and the cause must be reversed and a new trial ordered, and the same is hereby recommended.

By the Court: It is so ordered.