ST. LOUIS–SAN FRANCISCO RAILWAY
COMPANY, a corporation, Plaintiff
in Error,

v.

James W. FERGUSON, Defendant in Error.

No. 37891.

Supreme Court of Oklahoma.

April 1, 1958.

Rehearing Denied May 13, 1958.

James L. Homire, St. Louis, Wallace,
Wallace & Owens, Miami, Satterfield,
Franklin & Harmon, Oklahoma City, for
plaintiff in error.

Jack C. Brown, Miami, Ratner, Mattox
& Ratner, Wichita, Kan., for defendant
in error.

PER CURIAM.

This action was initiated by defendant in
error, plaintiff below, to recover damages
for the injuries suffered while working
for plaintiff in error, defendant below.
The action is brought under the provisions
of the Federal Employers' Liability Act,

45 U.S.C.A. § 51 et seq. We shall hereinafter refer to the parties by their trial court designation.

Plaintiff's injuries were alleged to have been sustained as the result of a fall while engaged as a car-man repair helper for defendant at Afton, Oklahoma, on March 1, 1955. It was alleged in the petition that plaintiff fell after tripping over a tie which had been permitted to be approximately three inches above the ground. This, it was alleged, was negligence on the part of the defendant for its failure to keep the place of employment safe for its workers. To plaintiff's petition defendant answered and, prior to trial by permission of the court, filed an amended answer in which it was alleged that on March 12, 1955:

> "* * * for value consideration, plaintiff executed a Settlement and Release whereby defendant was fully released from any and all liability and all claims and demands for all damages resulting from the alleged injuries received by plaintiff on March 1, 1955."

Immediately prior to trial defendant moved to strike the amendment to the answer which pleaded the release alleging that the release was "void" and "if there was any valuable consideration granted the plaintiff, he herewith tenders same back to the defendant", and that "the release is a direct violation of the Federal Employers' Liability Act." The court sustained the plaintiff's motion and struck from the defendant's answer the allegations concerning the release and satisfaction. At the hearing on the motion the plaintiff admitted that he signed the release. This purported release, after reciting the date, location and occurrence of plaintiff's injury, and his purported claim for damages from his employer, continued with the following:

> "Whereas, said Company does not desire to retain in its employment any person who has an unadjusted claim against it for damages, and I desire to return to work for said company;

> "Now, therefore, in consideration of the promise of said Company to employ me for one day as Box Packer at the usual rate of pay (the execution hereof being conclusive evidence that said Company has made me such promise), and for such further time and in such capacity as may be satisfactory to said Company, I agree to and do hereby compromise said claim and do release and forever discharge said Company, its agents and employes, from any and all liability and all claims and demands for all damages resulting from the injuries received by me at the time and place above stated; and I do hereby release and discharge them from all suits, actions, causes of action and claims for damages for said injuries; and I do hereby acknowledge full satisfaction of all such liability and causes of action.

> "I further represent and covenant that at the time of signing and executing this release I am of lawful age and legally competent to execute it and that before signing and executing it I fully informed myself of its contents and executed it with full knowledge thereof, this 12th day of March, 1955.

> "I have read this and understand it is a release.

>                   "/s/ James W. Ferguson"

Defendant assigns the action of the court in striking this issue from the pleadings as error.

The language of the release quoted above is almost identical to that of the release approved by this court in Lusk v. White, 58 Okl. 773, 161 P. 541. The various objections to the approval of such a release were discussed and weighed in that opinion and determined adversely to the position of the plaintiff in this action. To avoid the effect of that decision, the plaintiff contends that Section 5 of the Federal Employers' Liability Act, 45 U.S.C.A. Section 55, not considered in that opin-

---

.

---

ion, requires that a different result be reached in this action. The answer to this contention can be brief.

In 1948 the United States Supreme Court finally determined the exact proposition argued by plaintiff. In Callen v. Pennsylvania Railroad Co., 1948, 332 U.S. 625, 68 S.Ct. 296, 298, 92 L.Ed. 242, the validity of a release executed by a person claiming damages under the provisions of the Federal Employers' Liability Act was considered. There, as here, there was no issue of fraud or mistake. The following is from the court's opinion in that case:

"* * * If the Congress were to adopt a policy depriving settlements of litigation of their prima facie validity, it might also make compensation for injuries more certain and the amounts thereof less speculative. But until the Congress changes the statutory plan, the releases of railroad employees stand on the same basis as the releases of others. One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.

"The plaintiff has also contended that this release violates § 5 of the Federal Employers' Liability Act which provides that any contract to enable any common carrier to 'exempt itself from any liability created by this chapter, shall to that extent be void.' 35 Stat. 66, 45 U.S.C. § 55, 45 U.S.C.A. § 55. It is obvious that a release is not a device to exempt from liability but is a means of compromising a claimed liability and to that extent recognizing its possibility. Where controversies exist as to whether there is liability, and if so for how much, Congress has not said that parties may not settle their claims without litigation."

As the release executed by the plaintiff in this case is valid in the absence of circumstances not appearing in the attack made against it herein, the determination by the United States Supreme Court in the Callen case obviates the only argument made against the release by the plaintiff. The trial court erred in striking this issue from the defendant's answer. In fairness to the trial court, however, we note that no authorities were cited to it on this matter by either party.

The defendant has argued other assignments of error, but in view of the error in striking this release from the issues in this case, which was prejudicial error necessitating a new trial, we feel it is unnecessary to discuss any of the other assignments of error.

The judgment is reversed for new trial.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by a Commissioner, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.