[Decided October 8, 1894.]

## THE VICTORIAN NUMBER TWO.

### SUTTON *v.* THE VICTORIAN.

1. BOAT LIENS — PLEADING — JOINING SEVERAL CAUSES OF ACTION IN ONE COMPLAINT.— Where several causes of action arise under one statute, are against the same party, are triable in the same manner, and can be embodied in one judgment, they may properly be united in one complaint. For example, different claims against a boat, arising under the boat lien law, and assigned to one person, may all be sued for in one complaint.

2. ASSIGNABILITY OF BOAT LIENS.— A boat lien is assignable like an ordinary debt, and the assignee can enforce it in his own name as though he had been the original contractor.

3. INTEREST ON BOAT LIENS.— Interest is properly allowed on the amount of a boat lien from the time the action is commenced to enforce it: *Willamette Falls Transportation Company* v. *Riley*, 1 Or. 183, and *Forbes* v. *Willamette Falls Electric Company*, 19 Or. 61, approved and followed.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This action was commenced on the third of July, eighteen hundred and ninety-one, by the firm of Sutton & Beebe against the boat Victorian under the provision of the boat lien law (section 3690 *et seq.* Hill's Code,) to enforce a lien for materials furnished to one John F. Steffen, and used by him as a contractor in the construction of the boat. The complaint contains three causes of action. The first is on an open running account for material alleged to have been furnished by the plaintiffs between the third day of January, eighteen hundred and ninety, and the twenty-second day of May, eighteen hundred and ninety-one; the second, for materials furnished by the plaintiffs on June sixteenth, eighteen hundred and ninety-one; and the third is brought by the plaintiffs as assignee of one Moore for materials furnished by him between April first, eighteen hundred and ninety-one, and June first, eighteen hundred and ninety-one. The trial resulted in a judgment in favor of the plaintiffs, from which the claimant of the boat, the Oregon Short Line and Utah Northern Railway Company, brings this appeal.

AFFIRMED.

*Mr. William W. Cotton*, for Appellant.

*Mr. Chas. E. S. Wood* (*Messrs. Geo. H. Williams, Stewart B. Linthicum*, and *J. Couch Flanders* on the brief), for Respondent.

Opinion by MR. CHIEF JUSTICE BEAN.

This case is similar in many of its facts to the case of Smith and others against the defendant boat, commenced July thirteenth, eighteen hundred and ninety-one, to enforce a lien for materials sold and furnished Steffen between December twelfth, eighteen hundred and eighty-nine, and February twenty-sixth, eighteen hundred and ninety-one, and which were used in the construction of the boat in question. In the Smith case the constitutionality of the boat lien law, the maritime or non-maritime character of liens for materials and supplies furnished Steffen and used by him in the construction of the boat after it was launched, and the statute of limitations, were all present and decided, (The Victorian, 24 Or. 121,) and, although counsel for defendants has reargued these questions with much learning and ability, we are still satisfied with the decision formerly made, and shall regard it as controlling authority. The only questions, then, raised by this appeal, not determined by the Smith case are, (1) can the several causes of action sued on be united in the same complaint; (2) are the plaintiffs entitled to force Moore's lien for materials furnished by him in their name; and (3) did the court err in allowing as a part of the lien interest in accordance with the agreement between plaintiffs and Steffen on the first and second causes of action?

1. We think the first question must be answered in the affirmative. All the causes of action stated in the complaint arose under the same statute, are between the same parties, triable in the same manner, against the same vessel, and can be embodied in one judgment, and hence we are unable to discover any good reason why they should not be united in the same complaint. And, besides, it is very doubtful whether the overruling of a demurrer for the misjoinder of causes of action is ground for the re-

versal of a judgment or decree unless the defendant has been prejudiced in some substantial manner by such judgment or decree: Hill's Code, §§ 104, 230; *Reynolds* v. *Lincoln*, 71 Cal. 183; *Angell* v. *Hopkins*, 79 Cal. 181.

2.   As to the assignability of mechanics' liens, there is much diversity of opinion in the authorities.   Mr. Phillips states the conflicting rules prevailing in the several states as (1) that the lien is personal and cannot be assigned; (2) that the proceedings to be taken to enforce the lien must be in the name of the assignor, but subject to this restriction, that the lien is assignable; and (3) that a lien is as assignable as any other debt and that the proceedings for its enforcement may, if the state law permits, be carried on in the name of the assignee: Phillips on Mechanics' Lien, § 54.   In *Brown* v. *Harper*, 4 Or. 89, it was held by this court that the right to perfect a mechanics' lien by filing the notice required by law is a privilege personal to the party performing the labor or furnishing the material, and not assignable; but after the lien has been perfected by filing the required notice, it then becomes assignable and can be enforced in the name of the assignee.   Under the boat lien law no notice is required to perfect the lien, but it is a proceeding *in rem* analogous to a suit in admiralty to enforce a maritime lien.   It attaches and is a completed lien by force of the statute from the time the materials are furnished or labor performed, and not, as in case of a mechanics' lien, a mere remedy given by law which secures the preference provided for on condition that the claimant brings himself within the provisions of the statute by a compliance with its terms.   If a mechanics' lien is assignable, so that the assignee may sue in his own name after it is perfected, we can conceive of no satisfactory reason why an assignment of a perfected lien under the boat lien law may not be made, so that the assignee can enforce it as if he were the original contractor, whether the proceed-

ings to that end are, under the statute, technically an action at law or a suit in equity. That it is so assignable accords in our opinion with the decided weight of authority, the general policy of our law, and the spirit and purpose of the lien law, and can work no injury to the claimant, while the creditor will lose a part of the benefit of his security if he cannot assign it. As was said by BERRY, J.: "The claim of the material man and the lien are certainly the property of the material man and why should he not have the right to dispose of both? There is nothing in the lien right of the nature of a personal trust. The lien-holder is not entrusted with the possession of the property bound by the lien. His lien is a security. What difference can it make to the lienor who holds the lien? His duty is to pay the debt. If he pays it his property is discharged. If he fails to pay it, and so loses the property, of what moment is it to him whether the lien is enforced by the material man or his assignee?" *Tuttle* v. *Howe,* 14 Minn. 149. This view is sustained by the following among other authorities: Phillips on Mechanics' Liens, § 55; Jones on Liens, § 1493; Am. and Eng. Ency. 655; *Laege* v. *Bossieux,* 15 Grat. 83; *Skyrme* v. *The Occidental Mining and Milling Company,* 8 Nev. 219; *Davis* v. *Bilsland,* 18 Wall. 659; *Kerr* v. *Moore,* 54 Miss. 286; *The American Eagle,* 19 Fed. 879; *The M. Vandercook,* 24 Fed. 472.

3.    From the findings of fact it appears that it was agreed between the plaintiffs and Steffen that the latter should pay interest at the rate of ten per cent. per annum upon the purchase price of each installment of materials furnished him, if not paid within sixty days after the date thereof; the court, however, allowed interest only from the time of the commencement of the action. The allowance of this interest is assigned as error. In *Willamette Falls Transportation Company* v. *Riley,* 1 Or. 183, objection was made to the amount of the judgment because the in-

terest accruing on the demand of plaintiff was included in the judgment, and it was claimed that interest is a non-lienable item of account, but the objection was overruled and the court held "that interest may be computed on a lienable demand and a lien awarded for the entire amount," and the same rule was announced and applied in *Forbes* v. *Willamette Falls Electric Company*, 19 Or. 61. It follows that the judgment appealed from must be affirmed.

AFFIRMED.