CUDAHY PACKING COMPANY v. R. A. DORSEY ET AL.

Decided November 25, 1903.

**1.—Joinder of Actions—Harmless Error.**

.It seems that there was no error in overruling exceptions to a joinder of causes of action in tort and upon contract, growing out of the same transaction, but, if error, it was harmless where but one of such issues was submitted to the jury.

**2.—Shipper and Consignee—Charge—Harmless Error.**

The charge held erroneous on the former appeal of this cause (26 Texas Civ. App., 484) was not ground for reversal on the present record, where there was no evidence of injury to the property in question by delay in transit before reaching the hands of the last carrier.

**3.—Expert Evidence—Argument of Counsel.**

Witnesses held qualified to testify as experts, and argument of counsel held not improper.

Appeal from the County Court of Hamilton. Tried below before Hon. J. H. Warren, County Judge.

This is a third appeal from a judgment in favor of the appellee for damages to a carload of meat.

*J. Van Steenwyk,* for appellant.

*Dewey Langford,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—This is the third appeal in this case. A statement of the nature of the suit will be found in the former opinions of this court. Cudahy Packing Co. v. Dorsey, 26 Texas Civ. App., 484; Texas Central Railway Co. v. Dorsey, 30 Texas Civ. App., 377.

The plaintiff R. A. Dorsey sought to recover of the packing company and the railroad company damages to a car load of meat, shipped from Omaha, Neb., to Hico, Texas. The ground of the recovery was certain alleged negligence of said defendants. By an amendment, the plaintiff sought to recover of the railroad company upon the further ground of a contract made after the arrival of the meat at Hico, by which plaintiff was to receive the meat and dispose of it to the best advantage, and the railroad company was to pay whatever loss was sustained.

Appellant excepted to the pleadings in this condition, because of a misjoinder of causes of action. We should probably hold, if necessary, that there was no misjoinder of causes of action (Ney v. Ladd, 68 S. W. Rep., 1014; Hooks v. Fitzenreiter, 76 Texas, 227), but the court did not submit to the jury the issue raised by the objectionable pleading, and no verdict was rendered against the railroad company. We are unable, therefore, to see how the error, if it was error to overrule the exception, could have injured apellant.

Upon the first appeal of this case it was reversed because the court

instructed the jury to find against the packing company, if they should find that the meat was damaged before it was delivered to the Texas Central Railroad Company. In that record, however, "the evidence indicated some delay before it was received by the Texas Central Railroad Company." 26 Texas Civ. App., 484. The same character of instruction is again assigned as error, but in the record now before us there is nothing to indicate any delay by a connecting carrier, but it is stated as a fact that the shipment reached Hico, where it was delivered to the Texas Central Railroad in the usual time. The instruction complained of was not reversible error under the circumstances.

Other assignments of error complain of the admission of certain expert testimony, and the remarks of counsel in argument. The witnesses, in our opinion, were qualified as experts, and the argument referred to was not improper.

The evidence was sufficient to support the verdict of the jury, and no reversible error being shown, the judgment is therefore affirmed.

*Affirmed.*