## LEVY et al. v. TRADESMEN'S STATE BANK.

No. 8619—Opinion Filed Jan. 27, 1920.

Rehearing Denied April 20, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Harmless Error—Misjoinder of Causes of Action.**
It is unnecessary to determine on appeal whether causes of action were properly joined, where a judgment in the trial court was rendered for plaintiffs in error on all but one cause of action, and where plaintiffs in error were not injured by a failure of the trial court to sustain a demurrer to the petition because of alleged misjoinder of causes of action. Such error, if committed, was not prejudicial.

2. **Pleading — Petition — Sufficiency — Objection to Introduction of Evidence.**
A general objection of the defendants to the introduction of evidence is not well taken where the petition of the plaintiff states a cause of action.

3. **Appeal and Error—Defects in Petition— Amendment Regarded as Made.**
Where proof of unpaid stock subscription is made by plaintiff without objection of the defendants, the petition will be considered amended to allege that fact.

4. **Corporations—Debts—Liability of Stockholders—Unpaid Stock Subscriptions.**
Under section 1263, Rev. Laws 1910, stockholders are liable for the debts of the corporation to the extent of the amount of their unpaid subscriptions for stock held by them.

5. **Appeal and Error—Harmless Error.** ·
Where errors complained of on appeal affect none of the substantial rights of the plaintiffs in error, they will be held harmless and insufficient to cause a reversal of a judgment of the trial court.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by Tradesmen's State Bank against Leon Levy, Sam Levy, Cora H. Levy, and Marian Investment Company, to collect an unsatisfied judgment against the Marian Investment Company. From a judgment for plaintiff against Leon Levy and Sam Levy, defendants bring error. Affirmed.

See 176 Pac. 512 (71 Oklahoma).

Ames, Chambers, Lowe & Richardson, for plaintiffs in error.

Claude Nowlin and Geo. P. Glaze, for defendant in error.

RAINEY, J. Leon Levy, Sam Levy, and Cora Levy were the sole officers, directors, and stockholders in the Marian Investment Company, a corporation, the paid-up capital stock of which, according to reports filed under oath of its officers with the Corporation Commission, was $25,000. Action was brought by the Tradesmen's State Bank to collect an unsatisfied judgment of $8,893.82 against the Marian Investment Company. The trial court found that only a part of the stock subscription had been paid, and that Leon Levy and Sam Levy each owed $6,000 thereon, and accordingly rendered judgment against Leon Levy and Sam Levy for the amount each owed for such stock until said judgment shall have been satisfied.

Defendants contend that causes of action were improperly joined and their demurrer thereto improperly overruled; that evidence was improperly admitted over their objection, and that judgment was improperly rendered against the defendants for unpaid stock subscription.

It is unnecessary to determine whether the causes of action were properly joined, for judgment being for the defendants in all but one cause of action, they were not injured by failure of plaintiff to prosecute the various causes of action in different suits,

and error, if committed, was not prejudicial. Lindley v. Kelly et al., 47 Okla. 328, 147 Pac. 1015; The Victorian No. 2, 26 Ore. 194, 46 Am. St. Rep. 616; Cudahy Pack. Co. v. Dorsey (Tex.) 78 S. W. 20; Gulf & B. V. R. Co. v. Weddington (Tex.) 71 S. W. 780; Autrey v. Linn (Tex.) 138 S. W. 197.

In Lindley v. Kelly, supra, this court held:

"Where a petition contains a misjoinder of parties and causes, and demurrer thereto is overruled and issue is joined on a single cause against one of the defendants, the other causes being abandoned, the error in overruling the demurrer is harmless."

In Autrey v. Linn, supra, the Court of Civil Appeals of Texas said:

"The first nine assignments of error are devoted to exceptions to the petition, all of which were overruled by the court, and all of those applying to misjoinder become mere abstractions in view of the action of the court in presenting but one issue to the jury, that of the liability of appellants for the $2,000 lease money. The petition stated a cause of action for that sum, and was not subject to general demurrer, and the issue as to the other damages arising from a breach of the contract having been eliminated from the case by the charge, it would be a useless and prodigal waste of time to discuss the question of the misjoinder of the causes of action. If the court overruled the pleas of misjoinder, it gave the appellants all they could possibly have been entitled to by ignoring in the charge every issue but the one of the money due under the written contract."

The general objection to the introduction of evidence was not well taken, for the reason that the petition stated a cause of action against Leon Levy and Sam Levy. In the case of First National Bank of Tecumseh v. Harkey, 63 Oklahoma, 163 Pac. 273, it was said:

"An objection of this character, made at the time and in the manner this was made, is not looked upon with favor by the courts, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law, and the pleading will be liberally construed, if necessary, in order to sustain the same. Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; M., O. & G. R. Co. v. McClellan, 35 Okla. 609, 130 Pac. 916; Abbott v. Dingus, 44 Okla. 567, 145 Pac. 365; McConnell v. Davis, 46 Okla. 201, 148 Pac. 687."

The petition, liberally construed, states a cause of action against Leon Levy and Sam Levy for the amount due on their stock in the Marian Investment Company, and since proof of their unpaid subscriptions was admitted, without objection, the petition will be considered amended to allege that fact. Ryndak v. Seawell, 13 Okla. 737, 76 Pac. 170; St. Paul F. & M. Ins. Co. v. Griffin, 33 Okla. 178, 124 Pac. 300; Carson v. Vance, 35 Okla. 584, 130 Pac. 946; M., O. & G. R. Co. v. Parker, 50 Okla. 491, 502, 151 Pac. 325, 329; L. R. A. 1916D, 841n, Ann. Cases 1913E, 1916n. In St. Paul F. & M. Ins. Co. v. Griffin, supra, this court said:

"Having been introduced in evidence, without objection, said letter of August 18, 1908, alone, in that it established that defendant had received proof of loss without indicating any defect therein, was proof of waiver of all objections thereto, and plaintiff's petition was properly considered amended, so as to conform to the facts thus proved."

Under section 1263, Rev. Laws 1910, stockholders are liable for debts of the corporation to the extent of the amount of their unpaid subscriptions on the stock held by them. The trial court, having found that Leon and Sam Levy each owed $6,000 on unpaid subscriptions for capital stock, properly gave judgment against them in an amount sufficient to pay the unsatisfied judgment against the Marian Investment Company.

None of the errors complained of affected the substantial rights of the defendants. The judgment of the trial court, under the provisions of sections 4743, 4791, and 6005, Rev. Laws 1910, must be affirmed.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.