### KNAPPENBERGER et al. v. BICE.

No. 19757. Opinion Filed Nov. 11, 1930.

A. B. Carpenter, for plaintiffs in error.

Chapman & Chapman, for defendant in error.

LESTER, V. C. J. This is an appeal from the judgment rendered in the court below on account of certain property taken by the plaintiffs in error belonging to the defendant in error M. C. Bice. The jury returned its verdict in favor of Bice and against Knappenberger and Fuller in the amount of $1,200.

Plaintiffs in error complained that certain instructions given by the court were erroneous; the court's instructions Nos. 4 and 5 being as follows:

"You are instructed that if you find and believe from the preponderence of the evidence in this case that the defendants, Homer Knappenberger and Marion Fuller, took any property of the plaintiff M. C. Bice and have not returned the same to the plaintiff

Bice, you will return a verdict for the plaintiff for the reasonable market value of said property, your verdict in any event not exceeding the sum of $1,516.95.

"5. On the other hand, unless the plaintiff has established those facts to your satisfaction by a preponderance of the evidence, or if you believe from the evidence that the defendants, Marion Fuller and Homer Knappenberger, were not present and did not participate in the taking of the plaintiff's property, if you find the property was taken, your verdict will be for the defendants."

Each of the defendants below interposed a joint general demurrer and a joint answer. Each testified that they were not present and did not take any property belonging to Bice.

Defendants below did not interpose a separate defense nor introduce any evidence on a separate theory, and in no way do we think the instructions given were prejudicial.

Plaintiffs in error also contend that the court committed error in permitting the wife of the plaintiff below to testify. It is shown that she had charge of the property in the absence of her husband.

In the case of McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138, the court there, in discussing a similar question, said:

"So we say here, in the absence of the husband from his home, it was the duty of his wife to protect the property, and in doing so she acted as his agent, and what she said and did is competent evidence under the rule of agency. Mr. Justice Dunn, speaking for this court in the case of Armstrong-Byrd & Co., v. Crump, 25 Okla. 452, 106 Pac. 855, refers to and quotes approvingly from the case of Fisher et al. v. Conway, 21 Kan. 18, 30 Am. Rep. 419, and then says:

" 'Moreover, in the absence of the husband from home, if the wife acts in protection of property claimed by him and within the time limits, although without any express direction or agreement, she is acting as his agent, and will be a competent witness, in an action by or against him, as to what she does in relation therewith.' "

We do not think in the instant case the court committed error in permitting the wife to testify, for the reason that she was clearly the agent of her husband in his absence.

MASON, C. J., and HUNT, RILEY, CLARK, SWINDALL, and ANDREWS, JJ., concur. HEFNER and CULLISON, JJ., absent.