## GOVAN v. McCORD et al.

No. 20731. Opinion Filed March 8, 1932.

Owen & Looney, Paul N. Lindsey, and Fred Swanson, for plaintiff in error.

Gray & Palmer, for defendant in error.

HEFNER, J. This is an action brought in the district court of Osage county by Jessie McCord, and her husband, N. R. McCord, against Dr. T. P. Govan to recover damages caused by alleged negligence on his part in removing the tonsils of plaintiff Jessie McCord. The trial was to a

jury and resulted in a verdict and judgment in favor of plaintiff Jessie McCord in the sum of $4,000.

Defendant has appealed, and asserts that the verdict and judgment are not sustained by the evidence, and that the trial court, therefore, erred in overruling his motion for directed verdict. The evidence on behalf of plaintiff Jessie McCord is, in substance, as follows: On and prior to February 10, 1928, she was complaining of bad health caused by a floating kidney. It was the opinion of her family physician, Dr. Bird, and his consulting physician, Dr. Day, that plaintiff's health would in all probability be improved by the removal of her tonsils. Defendant was engaged, on their recommendation, to perform the operation. Dr. Bird testified that defendant, in performing the operation, removed the uvula and both the posterior and anterior pillers on the right side of the throat of plaintiff, and a portion of the soft palate. He further testified that, in his opinion, it was not necessary to remove these parts in performing the operation and that an ordinarily skillful surgeon would not have removed them; that the injury to plaintiff's throat is permanent, and she never will be able to swallow naturally; that her throat will bother her at intervals during the remainder of her life, and she will continue to suffer pain therefrom for the remainder of her life, and will require constant medical treatment. In these respects Dr. Bird is corroborated in part by Doctors Day and Gregg.

Defendant denied that, in performing the operation, he removed from plaintiff's throat any portion of the soft palate. He admitted having removed the uvula and posterior and anterior pillers from the right side of the throat, but asserted that it was necessary to do so because of the diseased condition thereof. Several doctors testified in behalf of defendant that, if plaintiff's throat were diseased as contended for by defendant, it was necessary, in performing the operation, to remove the uvula and pillers, but that if plaintiff's throat were normal at the time of the operation, in their opinion, it was bad surgery to remove these parts. Neither of these doctors examined plaintiff's throat prior to the operation. The doctors who testified in behalf of plaintiff, and who examined her throat immediately prior to the operation, all testified that the throat was at that time normal. The evidence is sufficient to sustain the finding of the jury that defendant was guilty of negligence in performing the operation.

Defendant next contends that the judgment is excessive, and in that connection asserts that the evidence shows that plaintiff's present condition is due to kidney trouble and not the result of the operation; and that she sustained no permanent injury by reason thereof. The evidence on this issue is conflicting. Under the theory of plaintiff and the evidence offered in her behalf, her throat is permanently injured and she will continue to suffer pain during the remainder of her life. Accepting her theory as correct, as we must under the finding of the jury, the judgment is not excessive.

Plaintiff Jessie McCord and several nurses were permitted to testify, over objection of defendant, that the uvula, pillers, and part of the soft palate had been removed. This ruling is assigned as error. All of these witnesses testified that they knew the location of these members and knew what they were, and that any person examining plaintiff's throat could readily see that they had been removed. The injury complained of is objective in nature and a nonexpert might properly be permitted to testify relative thereto. There was no error in admitting this evidence.

Plaintiff developed, on cross-examination of one of the doctors who testified in behalf of defendant, that he was a member of the State Medical Association, and that the association was supposed to hire attorneys and contribute to the expense of the defense of members of that association who were sued for malpractice. The admission of this evidence is assigned as error. Without determining the admissibility of this evidence, we think it is sufficient to say that the objection to the admissibility thereof came too late. It is true that a motion to strike the evidence was made and overruled, but, since no objection was made to the introduction of the evidence until after the witness had answered the question, we do not think the court committed reversible error in refusing to sustain the motion to strike.

Defendant also urges that the court erred in overruling his demurrer to plaintiff's petition for the reason that it showed upon its face that several causes of action were improperly joined. Two causes of action were pleaded in the petition; one by plaintiff Jessie McCord for damages because of injury to her person, and one by N. R. McCord, her husband, for damages because of loss of services of his wife in the discharge of her household duties. These causes of action could not properly be joined. Gardner v. Rumsey, 81 Okla. 20, 196 P. 941; St. L. & S. F. Ry. Co. v. Dickerson, 29

280

Okla. 386, 118 P. 140; Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167. The overruling of the demurrer, however, does not constitute reversible error. In the case of Kee v. Satterfield, 46 Okla. 660, 149 P. 243, the following rule is announced:

"Where a demurrer for misjoinder of causes of action may have been improperly overruled, yet if the demurrant was not harmed by such ruling, the judgment will not be reversed. * * *"

See, also, Lindley v. Kelly, 47 Okla 328, 147 P. 1015; Levy v. Tradesmen's State Bank, 78 Okla. 118, 188 P. 1077.

The record discloses that plaintiff N. R. McCord was allowed nothing by the jury for the loss of services of his wife. Under these facts, defendant could not have been prejudiced by the overruling of the demurrer, and such ruling does not constitute reversible error.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., absent.

Note.—See under (2), 2 R. C. L. 193, 194.