## SCHMUELBACK et al. v. SHAW.

No. 20194. Opinion Filed Sept. 13, 1932.

Vern E. Thompson, for plaintiff in error.

Clyde Morsey, for defendant in error.

SWINDALL, J. Action for damages. Judgment for plaintiff. Defendants appeal.

The plaintiff alleged that the defendant Schmuelback, who was a private watchman and a merchant policeman employed by the defendant Wineland, who was the proprietor of a motion picture theater in Picher, wrongfully accused the plaintiff of smoking in the toilet of the theater, and upon his denial violently assaulted him, throwing him against the wall of the building, violently striking him over the left eye with a large pistol, causing a severe wound, cursed and abused him, forced and dragged him out of the theater into the street and placed him under arrest and imprisoned him in the city jail, which was unclean and filled with vile and offensive odors, charged him with drunkenness and disorderly conduct, drew the attention of numerous citizens to the fact that the plaintiff was being arrested, subjecting the plaintiff to ridicule, humiliation, and disgrace, and otherwise damaged him. There was ample evidence to sustain the allegations of the petition, and the jury returned the following verdict:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths, find for the plaintiff and against the defendants and that plaintiff is entitled to recover actual damages only and we fix the amount thereof at $500."

There were conflicts in the evidence, but there was sufficient competent evidence to well warrant the jury in finding for the plaintiff as to the wrongfulness of the conduct of Schmuelback. The evidence as to intoxication was of the weakest character, and evidence offered in rebuttal of his denial that he drank, to prove that he had been drinking on an occasion just before the trial, was of the weakest character and was rebutted by the testimony of numerous prominent citizens who were with him upon the evening in question. The evidence relating to the occurrences on the night of the arrest well warranted a finding that the defendant Schmuelback acted throughout in a hasty, overbearing, wholly unwarranted manner. The evidence showed that the plaintiff and his attorney and witnesses attended court on several occasions in defense of the charges, and that the defendant Schmuelback was never present and the prosecution was finally dismissed. Schmuelback's excuse was that

he was never notified of the setting of the case for trial.

There was a dispute as to how closely the arrest was connected, if at all, with the ejection from the theater, the plaintiff having testified that he only went about 50 feet from the theater in a dazed condition, and then went back in front of the theater and told the defendant Schmuelback that he wanted to go in and get his wife and asked Schmuelback why he had hit him, and that Schmuelback then put him under arrest. Schmuelback testified that this occurred several minutes after the ejection, and that it occurred a little distance down the street in front of a cafe. The ticket seller testified that it occurred on the sidewalk in front of the theater. The defendants in their answer admitted that the arrest was made in front of the theater, but alleged that the defendant Schmuelback supposed that the incident had been closed before the plaintiff came back, and that the arrest was made by him as a peace officer for the purpose of preserving peace and quiet on the streets of Picher, and because the plaintiff was acting in an insolent and angry manner and was in an apparently intoxicated condition.

It was in evidence and not disputed that the defendant Wineland approved of Schmuelback's conduct, admitting that he had roughly used the plaintiff and saying that the plaintiff deserved it and should have been killed. It was in evidence that the authority of the officer was not limited to ejecting disturbers from the theater, but that the authority was to take them out and arrest them.

Prior to the trial there was no objection on the ground of misjoinder of causes of action or any motion to require any supposed commingled causes of action to be separately stated and numbered.

In his opening statement the defendants' attorney, for the defendants jointly and for J. D. Wineland separately, moved the court to strike from the record plaintiff's statements and to admonish the jury not to consider the part of the statement that referred to the arrest subsequent to the ejection from the theater and the incarceration in jail or the subsequent release, saying that the petition charged assault and battery originally as having been committed upon the plaintiff by Mr. Schmuelback, who was an employee in the theater, but he did not complete his statement by giving a reason why these matters should be withdrawn from the consideration of the jury. During the trial the following objections were made:

"I object to any testimony as to what happened out in front of the theater after he had been ejected as not being binding upon the defendant Wineland," and "We object to the question as not binding upon the defendant Wineland, and not being proper joinder in a suit of this kind; we contend, your Honor, please, that they are attempting to show a separate and independent tort not growing or arising out of the original cause of action, and they have shown no connection with the defendant Wineland to this occurrence."

The defendants discussed their assignments of error "under three general heads," which were: First, excessive damages; second, error in permitting a misjoinder of tort actions against the joint defendants; and third, error in permitting testimony to be introduced as to the wealth or financial reputation of the defendant Wineland.

■ Under the first assignment of error the defendants do not claim that the amount of the verdict was influenced by passion or prejudice, but it appears that it is their opinion that the verdict was for too much. To this we do not agree. From a reading of the record it is our conclusion that the amount assessed was well within what a jury could conclude was a reasonable allowance for the assault, battery, indignity, abuse, imprisonment, humiliation and disgrace. There was some dispute as to whether the weapon was a gun or a flashlight, but the wound inflicted caused a depression so deep that the doctor could not say whether there was a partial fracture of the skill or not, due to the fact that there is sufficient tissue at the place where the wound was inflicted to permit some depression without an actual fracture. We think that so far as the amount allowed is concerned, it was fair and reasonable. But the defendants also complain of an item of $50 attorney's fee for which the plaintiff had obligated himself as a fee in the prosecution which was dismissed, claiming that the fact that plaintiff had obligated himself for that amount was no evidence of the value of the services. It is unnecessary to discuss the weight of this evidence, for no proper objection to it was saved or even made, and it cannot be urged on the ground that the verdict was excessive. Section 572, C. O. S. 1921 [O. S. 1931, rec. 398] contains two clauses setting forth grounds for a new trial because of the amount of the verdict, which are as follows: "Fourth. Excessive damages, appearing to have been given under the influence of passion or prejudice," and "Fifth. Error in the assessment of the amount of

recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property." Mere error in the amount of recovery can be urged only under the fifth clause, and this action is not of a class covered by that clause. It is true that this item had to do with a loss capable of liquidation by evidence, but the only ground for a new trial, after permitting the evidence to be considered along with the other evidence as to unliquidated damages, the fixing of which was peculiarly within the province of the jury, would have to be under the fourth clause above, which requires the court to find passion or prejudice entering into the assessment, so that in the absence of such a result the defendant can assign error only in the event that he has requested that the item of evidence be withdrawn from the consideration of the jury so that it cannot enter into the assessment. This the defendants apparently did not do, and they, therefore, can assign no error as to the item.

Under the second assignment of error it is claimed that the plaintiff attempted to join the following tort actions against the defendants jointly: (a) Assault and battery; (b) false imprisonment; and (c) malicious prosecution. Without discussing the fact that an arrest involves a charge, and the arrest may involve assault and battery, or considering whether a prosecution may involve elements of damage such as false imprisonment and assault and battery, which might have constituted separate torts but for their connection with a prosecution, suppose there was a misjoinder. The defendants could have demurred if they felt that there was a misjoinder, and not having done so as authorized by the provisions of section 268, C. O. S. 1921 [O. S. 1931, sec. 201], and not having set up their contention by answer, they were by the terms of section 270 [O. S. 1931, sec. 203] debarred from urging any objections other than to the jurisdiction of the court and that the petition did not state facts sufficient to constitute a cause of action. In urging this alleged error the defendants refer to the evidence, contending that there was no evidence to show that the proprietor was in any way responsible for the subsequent arrest and incarceration of the plaintiff. This has to do with the weight of the evidence and cannot be urged upon a claim of misjoinder, but we do not feel that the defendants are in any manner deprived of a right by reason of not having set up such an assignment, for there was ample evidence to show that what was done

was within the scope of authortiy of the defendant Schmuelback.

Under the third assignment of error it is claimed that it was error to admit evidence of Wineland's financial worth in an action not against him alone, but against him and another, for the reason that this evidence having to do as it has with the fixing of exemplary damages, would result in punishing one man by measuring what would punish another. There is no question of exemplary damages before us, for that was eliminated from consideration by the verdict of the jury deciding that the plaintiff was entitled to actual damages only, so the question is merely academic, and if there was error it was harmless and is not reversible. Section 319, C. O. S. 1921 [O. S. 1931, sec. 252].

The defendants contend that several instructions given were erroneous, and that several instructions requested were erroneously refused. Only one is referred to other than by number, and this one, which is printed in the brief, is a requested instruction to the effect that there was no evidence connecting Wineland with what occurred after the ejection of plaintiff from the theater, and that there was a misjoinder of causes of action. Both these questions have been hereinabove discussed. The instruction was properly refused.

Judgment affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J. absent.

Note.—See under (1) 20 R. C. L. 281, et seq.; R. C. L. Perm. Supp. p. 4871; R. C. L. Pocket Part, title "New Trial," § 64.