## FEDERAL STORAGE & VAN CO. v. DAVIS.

No. 23599.   Feb. 12, 1935.

Rehearing Denied March 12, 1935.

E. M. Connor, for plaintiff in error.

R. E. Berger, for defendant in error.

RILEY, J.   Plaintiff in error contends:

(1) The court erred in allowing Mrs. Davis, the wife of the plaintiff, to testify to matters outside of the scope of the agency as proved in the trial of the case.

(2) There was no competent evidence as to the value of the furniture or of defendant's negligence.

(3) The verdict was not supported by the evidence.

94

(4) The court erred in allowing Mrs. Davis to testify as to what was paid for the furniture in 1927, for the reason that too much time had elapsed between that date of purchase and the trial

(5) An alleged quotient verdict is the basis of this contended error.

Agency of the wife was pleaded in the petition. It was not denied under oath by the defendant. The agency of the wife was thus established.

"It is not error to permit the wife of the plaintiff to testify in his behalf on trial of a civil action where the evidence discloses that she acted as agent in reference to matters to which her evidence is directed." Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 P. 855; Knappenberger et al. v. Bice, 146 Okla. 14, 293 P. 781.

However, it is suggested that the witness testified to matters and things outside the scope of her agency, such as the value and condition of the furniture.

The plaintiff testified to these matters (C.-M. 33). Therefore, assuming that the wife was incompetent as a witness, the error, if any, is harmless. Clover v. Neely, 116 Okla. 155, 243 P. 758; Moore v. Grimes, 169 Okla. 4, 35 P. (2d) 944.

As to the competency of evidence establishing the value of the furniture, this court has followed the rule that:

"Expert witnesses are not required to prove the reasonable market value of chattels in common use where such value is within the knowledge of persons of ordinary intelligence." Filson v. Terr. of Okla., 11 Okla. 351, 67 P. 473; Rogers et ux. v. O. K. Bus & Baggage Co. et al., 46 Okla. 289, 148 P. 837; St. L. & S. F. Ry. Co. v. Dunham, 36 Okla. 724, 129 P. 862; O. K. Trans. & Stor. Co. v. Neill et al., 59 Okla. 291, 159 P. 272.

There was ample evidence to establish defendant's negligence, which was predicated on a failure to perform the conditions of the contract of storage. This evidence was sufficient to support the verdict rendered.

The evidence of Mrs. Davis, to which objection is made under proposition 4, is not set out in the brief of plaintiff in error as required by Rule 10. This was not the only evidence as to the value of the chattels, as was the case in Pate v. Smith, 128 Okla. 29, 261 P. 189.

There is no evidence of a quotient verdict save and except the affidavit of the attorney attached to the motion for new trial, and that is based on "hearsay." The contents of this affidavit do not establish that the jurors did not agree to the amount of the verdict as reached.

Finding no reversible error, the judgment is affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.