## BENNETT v. WINFREY et ux.

No. 23474.   Sept. 10, 1935.

James M. Hays, Jr., and James M. Hays, for p'aintiff in error.

L. L. Cowley and A. N. Boatman, for defendants in error

PER CURIAM. This is an action brought in the district court of Okmulgee county by Albert R. Winfrey and Harriet M. Winfrey, his wife, against Carl W. Bennett, and Carl W. Bennett and John W. Bennett, doing business under the firm name and style of R & B Rent a-Car & Garage, to recover damages caused by the alleged negligence of defendants' agent in an automobile accident.

For the sake of convenience the parties herein will be referred to as they were styled in the lower court.

Plaintiffs' petition alleges three causes of action: (1) injuries to the person of Harriet M. Winfrey. (2) Damages to the automobile of Harriet M. Winfrey. (3) Damages to Albert R. Winfrey for expenses for care and medical services and for loss of services of his wife, Harriet M. Winfrey, as a result of the injuries to his wife. To which petition Carl W. Bennett made separate answer and to said answer plaintiffs duly replied, after which rep'y the defendant, Carl W. Bennett, moved the court to allow him to withdraw his answer and allow him to file motion to strike the name of Albert R. Winfrey from causes of action Nos. 1 and 2, and to allow defendant to file motion to strike the name of Harriet M. Winfrey from the third cause of action. Permission granted and motion sustained. Whereupon defendant moved to strike the third cause of action from the petition for the reason that the causes of action in plaintiff's petition are not identical and are improperly joined, which motion the court overruled. Defendant then refiled his answer and plaintiffs elected to try the third cause of action and proceeded to trial to a jury, which resulted in verdict and judgment in favor of the plaintiff, Albert R. Winfrey, in the sum of $500. Thereafter defendants, Carl W. Bennett and John W. Bennett, filed a motion to the effect that "there is nothing now before this court" for the reason that the election to try the husband's cause of action operated as a dismissal on the part of plaintiff Harriet M. Winfrey's cause of action, which motion was overruled, and the case proceeded to trial and plaintiffs dismissed as to defendant John W. Bennett.

In the course of trial plaintiffs offered in evidence the depositions of two witnesses used at the trial of the husband's cause of action, to which defendant objected and which objection the court overruled.

Albert R. Winfrey was called as a witness by his wife, to which the defendant objected and which objection was overruled by the court to the extent of allowing the husband to testify within the scope of his agency with his wife.

The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff Harriet M. Winfrey, in the sum of $5,049.60.

The defendant has appealed and asserts that the husband and wife in one complaint cannot join their several claims for damages in which there is no joint or common interest, and demand judgment in severalty therefor—there cannot be two lawsuits in one action. Defendant urges in support of this contention that when plaintiffs elected to try the action of Albert R. Winfrey, that election operated in law as an abandonment of Harriet M. Winfrey's cause of action contained in said petition and amounted to a dismissal thereof, and that the court erred in overruling defendant's motion; that there remained nothing to be tried after the judgment in favor of Albert R. Winfrey. At the outset it is granted that the petition herein is defective by reason of a misjoinder of causes of action. However, defendant waived that defect by his failure to demur specially on that ground. Schmuelback et al. v. Shaw, 159 Okla. 79, 14 P. (2d) 226; Dawkins et al. v. Peoples Bank & Trust Co., 117 Okla. 181, 245 P. 594; West v. Madansky, 80 Okla. 161, 194 P. 439; Oates et al. v. Freeman, 57 Okla. 449, 157 P. 74.

The defendant urges that the election to try the husband's cause of action first operated as a dismissal of the wife's cause of action, but defendant in his brief fails to cite any authority for such statement, nor do we find any merit in the contention. The law of this state contains no such procedure, but clearly indicates that it is the duty of defendant to properly attack a misjoinder of causes of action by special demurrer.

"The defendant may demur to the petition only when it appears on its face, either: * * * Fifth. That several causes of action are improperly joined." O. S. 1931, section 201; C. O. S. 1921, section 268.

"When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." O. S. 1931, section 203; C. O. S. 1921, section 270.

And that if and when the demurrer is sustained, it is then the plaintiff's next move to correctly plead his case.

"When a demurrer is sustained, on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service." O. S. 1931, section 204; C. O. S. 1921, section 271.

Defendant herein did not demur as required by section 201, O. S. 1931, and section 203, O. S. 1931, and, therefore, plaintiffs had no obligation to comply with section 204, O. S. 1931, requiring them to separately plead and docket their separate causes of action. The procedure set out in the statutes is the proper way for defendant to attack plaintiffs' pleadings, and defendant's failure to do so waived the defect and barred further objection other than to jurisdiction of the court, and that the petition did not state facts sufficient to constitute a cause of action.

In the case of West v. Madansky, 80 Okla. 161, 194 P. 439, it is held:

"Where a petition contains a misjoinder of causes of action, the defect is raised by demurrer, and not by motion to require the pleader to elect."

The court further says:

"The first proposition argued by West is that Madansky alleged two distinct and inconsistent causes of action, and that the court erred in overruling his motion to require Madansky to elect as to which cause of action he relied upon. If in fact there were two distinct causes of action, inconsistent with each other, then the proper proceedings would have been by demurrer on the ground of misjoinder, and not by motion to elect."

In Oates et al. v. Freeman, 57 Okla. 449, 157 P. 74, it is said:

"Where a petition contains three separate causes of action, if they are improperly joined, the proper practice is to attack it by demurrer, and if this is not done, the defect is waived, and cannot be taken advantage of by a motion to require the plaintiff to elect on which cause of action he will rely."

In the body of the opinion in this case, it is stated:

"The next assignment of error is that the court did not require the plaintiff to elect as to which cause of action he proposed to rely on. If causes of action were improperly joined, the proper practice was to attack the petition by the demurrer. * * * This section was construed by this court in Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 P. 271, where it is held that misjoinder of causes of action should be raised by demurrer. It is true that there was a demurrer filed in this case, but it was only on the

ground that the petition did not state a cause of action. The defendants therefore waived the question of misjoinder. But in no event have the defendants been injured, for if the petition had been attacked by demurrer on this ground, the court could only have required the plaintiff to file several petitions, each including such causes of action as might have been joined."

In Schmuelback et al. v. Shaw, 159 Okla. 79, 14 P. (2d) 226, it is said:

"Under the second assignment of error it is claimed that the plaintiff attempted to join the following tort actions against the defendants jointly: (a) assault and battery; (b) false imprisonment; and (c) malicious prosecution. Without discussing the fact that an arrest involves a charge, and the arrest may involve assault and battery, or considering whether a prosecution may involve elements of damage such as false imprisonment and assault and battery, which might have constituted separate torts but for their connection with a prosecution, suppose there was a misjoinder. The defendants could have demurred if they felt that there was a misjoinder, and not having done so as authorized by the provisions of section 268, C. O. S. 1921, and not having set up their contention by answer, they were by the terms of section 270 debarred from urging any objections other than to the jurisdiction of the court and that the petition did not state facts sufficient to constitute a cause of action."

This court has clearly indicated that if defendant had wished to force plaintiff to elect as to causes of action, he should have followed the statutes as to procedure in case of misjoinder. This he failed to do. The parties and causes of action remained in one suit through defendant's failure to properly plead, and the fact that one cause of action was tried before the others is of no import here. Defendant's failure and the resultant waiver is now a bar to his present objection.

The objections made by defendant fail for the further reason that, if the court erred in overruling defendant's motion, or even if the motion could in any manner be regarded as a demurrer, such error, if any, would be harmless. Section 3206, O. S. 1931, section 2822, C. O. S. 1921:

"No judgment shall be set aside or a new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that

the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Calling attention to the case of Oates et al. v. Freeman, supra, wherein it is said on page 458, of 57 Oklahoma Reports:

."But in no event have the defendants been injured, for if the petition had been attacked by demurrer on this ground (misjoinder of causes of action) the court could only have required the plaintiff to file several petitions, each including such causes -of action as might have been joined."

Kee v. Satterfield, 46 Okla. 660, 149 P. 245, wherein the court says:

"If it be admitted that there was a misjoinder of causes of action, the error was harmless under the provisions of section 6005, Rev. L. 1910 (section 3206, O. S. 1931), because, after an examination of the entire record, we cannot say that the error complained of has probably resulted in a miscarriage of justice. See Mullen v. Thaxton, 24 Okla. 643, 104 P. 359, which holds that, although a demurrer may have been improperly overruled, yet, if the demurrer was not harmed by such ruling, the judgment will not be reversed." ·

See Govan v. McCord, 155 Okla. 278, 11 P. (2d) 141; Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167; Lindley v. Kelly, 47 Okla. 328, 147 P. 1015; Levy v. Tradesmens State Bank, 78 Okla. 118, 188 P. 1077.

Defendant's next contention is that the court erred in admitting depositions of two witnesses used in the separate trial of Albert R. Winfrey, over the objection of defendant. The record discloses that defendant's attorney was present and took part in the taking of the depositions, that defendant did not except to the depositions as required by statute. Section 312, O. S. 1931, section 629, C. O. S. 1921:

"Exceptions to depositions as a whole shall be in writing specifying the grounds of objection, and filed with the papers in the cause before the commencement of the trial."

Section 313, O. S. 1931, section 630, C. O. S. 1921:

"Where the adverse party appears at the taking of the deposition, no objections to questions propounded therein shall be considered unless stated at the time set forth in the deposition: Provided, that it may be otherwise stipulated by the parties at the time of taking the deposition, and such stipulation set forth in the deposition and certified to by the officer taking the same."

Section 314, O. S. 1931, section 631, C. O. S. 1921:

"The court shall, on motion of either party, hear and decide the questions arising on exceptions to depositions as a whole, before the commencement of the trial."

The defendant waited until the trial was being held before taking exception to the depositions introduced in evidence and then did so orally. In the case of Bagg et al. v. Shoenfelt, 71 Okla. 195, 176 P. 511, the court held:

"Section 5090, Rev. Laws of 1910 (section 312, O. S. 1931), requires exceptions to depositions as a whole to be in writing, to specify the grounds of objection, and to be filed with the papers in the cause before the commencement of the trial; and where, for the first time, oral objections are made to a deposition as a whole when the same is offered in evidence at the trial, it is not error for the court to overrule the objections."

It is useless to discuss the merit or lack of merit in plaintiffs' argument, that this was a case whereby a deposition was taken and used at the trial of one lawsuit and later introduced and read in evidence on the trial of another lawsuit due to the fact that plaintiff utterly failed to bring that matter before the trial court.

Defendant urges that the court erred in overruling his objection to the testimony of Albert R. Winfrey on the ground that he was not competent to be a witness on behalf of his wife, the plaintiff herein; however, this position is untenable. The record shows that Albert R. Winfrey did act as agent for his wife, and therefore is competent to testify. Section 272, O. S. 1931, section 589, C. O. S. 1921:

"The following persons shall be incompetent to testify: * * * Third: Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other."

Quoting from the syllabus of the case of Bagg et al. v. Shoenfelt, supra:

"An agency resting in parol can generally be proved by the testimony of either the principal or the person who claims to act as agent, and the same rule applies when the purported agent is either the husband or wife of the principal. The husband is a competent witness to testify in behalf of his wife in the trial of a civil action, where the evidence discloses that he acted as her agent in reference to the matters to which his evidence is directed."

McDonald v. Cobb, 52 Okla. 581, 153 P. 138, discusses this section of our statute, and says in the body of the opinion:

"So we say here, in the absence of a husband from his home, it was the duty of his wife to protect the property, and in doing so she acted as his agent, and what she said and did is competent evidence under the rule of agency."

And it was held:

"When, in the absence of the husband from home, the wife acts in protection of property claimed by the husband, and within the circle of the home, although without any express direction, she is acting as his agent, and is a competent witness, in an action by or against him as to what she does and says in relation therewith."

See, also, Knappenberger et al. v. Bice, 146 Okla. 14, 293 P. 781.

The testimony of Albert R. Winfrey herein was confined within the scope of the agency.

Defendant further claims that the court erred in failing to properly instruct the jury, and urges that the court did not instruct upon the question of the actual striking and turning over of plaintiff's automobile by the automobile driven by the agent of defendant. This contention is not well-founded. The court by instruction No. 18 definitely advises the jury to consider the instructions as a whole. In instruction No. 14 the court instructed the jury as follows:

"* * * If you find and believe from a fair preponderance of the evidence that the said Harriet M. Winfrey was injured in a manner and form as alleged in plaintiffs' petition, as hereinabove recited, and that such injuries were directly and proximately caused by any of said other acts of negligence alleged in said petition, and that the plaintiff Harriet M. Winfrey suffered any damages therefrom as a direct and proximate result, and if you should further find from the evidence that such injuries and resulting damages were occasioned by no fault or negligence of the said Albert R. Winfrey, the driver of the car in which he and his said wife were riding, then your verdict should be in favor of the plaintiff Harriet M. Winfrey. But if you should not so find and believe from the evidence, then your verdict should be for the defendant, Carl W. Bennett."

Instruction No. 1 sets out the allegations of the petition and definitely includes the averment of striking and turning over the car of the plaintiff by the car driven by the agent of the defendant. The court did submit instructions to the plaintiff on this question, and it cannot be said that the jury was not properly advised of the question of the actual striking and turning over of the car in this case.

We have examined this case with care and find that the questions and issues were properly submitted to the jury under proper in-

structions of the court, and, finding no reversible error in this case, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. N. Roberson, J. L. Trevathan, and H. L. Fogg in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Roberson and approved by Mr. Trevathan and Mr. Fogg, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.