In the Matter of the Mental Health of
Warner W. WILLIAMS, an
incompetent.

No. 37788.

Supreme Court of Oklahoma.

Dec. 17, 1957.

George W. Moser, Comanche, for plaintiff in error.

James V. Whitley, Duncan, for defendant in error.

CORN, Vice Chief Justice.

This is an appeal from an order of the District Court of Stephens County, Oklahoma, which affirmed a decision of the County Court of said County restoring Warner W. Williams, an incompetent, to competency.

The facts are the County Court of Stephens County, did on the 2nd day of July, 1955, declare said Warner W. Williams to be an incompetent person, and he was confined to Central State Griffith Memorial Hospital at Norman, Oklahoma, a mental institution until January 16, 1956, at which time his wife, Ollie Williams, who was his guardian, and is the plaintiff in error herein, obtained a leave from said hospital and brought him to their home near Duncan, Oklahoma. He was not discharged at that time from said hospital, but only given convalescent leave for not more than one year, and was to return to said hospital on January 16, 1957, as shown by "Certificate of Patients Separation."

The plaintiff in error, in her brief, states:

"The legal issue is whether or not the County Court can restore a man to competency while he is a patient of a Mental Hospital."

And further states:

"When a party is once legally committed to a Mental Institution, then he can only be legally discharged therefrom, there are six ways a patient may be discharged as set forth in O.S.A. 1951, Title 43A, Section 73."

43A O.S.Supp.1953 § 77 provides:

"A patient who has been adjudged mentally incompetent and admitted to an institution for mentally ill persons in accordance with Section 55 or any other section of this Title may be re-

leased on a convalescent leave status, an out-patient status, or a visiting status as set out in Section 73 of this Title if it is determined that his guardian is willing and financially able to receive and care for such patient. A patient shall be granted convalescent leave for a specified period of time, which period shall not be longer than twelve (12) months. At the end of his convalescent leave period the patient must return to the institution for the determination of whether or not he is eligible for discharge in accordance with Section 74 of this Title. * * *"

The plaintiff in error contends, under the above statute, that Mr. Williams (her husband) would have to return to the Institution at the end of the year and be discharged from convalescent leave if determined at that time to be fully recovered and was of sound mind.

Mr. Williams was restored to competency by the County Court on the 28th day of August, 1956 before he was discharged from convalescent leave by said Hospital on September 1, 1956. If the sections of the Statute, supra, prohibits a person, who is on convalescent leave, from being legally restored to mental capacity before he is discharged by the Hospital from convalescent leave, we will have to reverse the judgment.

The record reflects that a full and complete hearing was had by the District Court on appeal from the County Court, and a large number of witnesses, including Mr. Williams' relatives and two doctors, testified in effect, that he was of sound mind and competent to handle his own affairs. A part of Mr. Williams' testimony is as follows:

"Mr. Whitley: Q. Mr. Williams you were disabled in World War One, is that right? A. That's right.

"Q. And you have a silver plate in your head, and you have to wear a hearing aid because of your injury? A. That's right, yes.

*    *    *    *    *    *

"The Court: Just one question.

"Q. What time was it when he was committed up there?

"Mr. Whitley: A. He was committed on June 29th, 1955.

"The Court: Q. Mr. Williams, prior to that time the court was informed that you had had a head injury due to a horse throwing you or falling down with you and hurting you, is that correct? A. I was thrown off of a horse and busted my head, and if they want to examine that they can examine that.

"Q. That was just prior to the time you got out of shape and couldn't take care of yourself, and you know you didn't because you don't remember lots of things. Now since you have come home have you had any of that trouble any more? A. No trouble Judge, I am in the best health I ever was in my life, outside of my age.

"Q. That is what the doctors tell you? A. Yes, sir."

43A O.S.Supp.1953 § 75 provides that when any person shall have been adjudged legally and mentally incompetent, petition may be presented to the court or judge thereof which made such adjudication for a finding and order declaring that such person be restored to soundness of mind. The County Court of Stephens County, was the court which declared Mr. Williams incompetent. The statute further provides such a petition may be presented by the person who has been declared to be incompetent, or by his father, mother, husband, wife, brother, sister, child or next of kin. And the section further states that upon the hearing of such petition, the court may determine from the testimony given at a hearing that he has fully recovered and make and enter an order declaring such person mentally competent, provided, however, that the testimony of at least two qualified examiners establishing the sanity of such person shall be required before the findings of the court adjudging thereof and entering such order. In this case Dr.

Thomason and Dr. Smith both were on the sanity board when the defendant in error was committed to the State Hospital at Norman, Oklahoma, both testified that he was competent in their opinion, this is in addition to their signing a certificate to that effect.

The testimony of the plaintiff in error was that Mr. Williams mistreated her, and that she thought he should be returned to the hospital. It would serve no useful purpose to engage in a discussion of her testimony as to the marital troubles she and her husband have had. But suffice to say the district court did not err, under the facts in this case, in denying the appeal and affirming the judgment of the county court.

Where a person has been committed to a mental hospital by a county court in Oklahoma, and is out of said hospital on convalescent leave he may bring an action in said county court under 43A O.S.Supp. 1953 § 75, and be restored to mental capacity before he is discharged from convalescent leave by said hospital.

Judgment affirmed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.