Ollie WILLIAMS, Plaintiff in Error,

v.

Warner W. WILLIAMS, Defendant in Error.
No. 37789.

Supreme Court of Oklahoma.
Feb. 11, 1958.
Rehearing Denied March 11, 1958.

George W. Moser, Comanche, for plaintiff in error.

James V. Whitley, Duncan, for defendant in error.

PER CURIAM.

This action for a divorce was initiated by defendant in error. Plaintiff in error contested a divorce but cross-petitioned seeking separate maintenance, and related relief pending the action. The trial court awarded defendant in error a divorce but decreed alimony in a certain amount to plaintiff in error. Too, the parties jointly acquired property was divided and the plaintiff in error's attorney was awarded a substantial fee. Both parties filed motions for new trial but only plaintiff in error has perfected an appeal. Hereinafter, the parties will be referred to by their trial court designation.

In July 1955, the County Court of Stephens County declared plaintiff to be incompetent and committed him to the state hospital for mentally ill persons. Thereafter, in August 1956, plaintiff was restored to competency by the same court. The following day plaintiff instituted this action for a divorce from the defendant although the order of the county court had been appealed. The order restoring plaintiff to legal competency was sustained by the District Court, and by this Court in our decision just recently announced. In re Williams, Okl., 319 P.2d 586. Defendant's first proposition relates to the trial court's adverse ruling on her objection to the plaintiff's legal capacity to sue. Whatever merit there may have been to this objection heretofore, our affirmance of the order restoring the plaintiff to competency obviates further discussion of the matter. The county court's order is now effective just as if no appeal had been taken.

Defendant also asserts error by the court in failing, prior to trial, to require

compliance of the plaintiff with the order for temporary support and in failing to make an initial order for attorney fees. The motion for an order for alimony pendente lite was heard and an order entered less than one month prior to the trial. At most the plaintiff was only one month, if any, in arrears at time of trial. The matter of temporary support and attorney fees was again presented to the court before the trial commenced and thereupon the court announced he would hear the case and make a final disposition without further delay. The court is vested with discretion in these matters. In addition to the substantial attorney fee awarded by the decree and which was made a lien on certain property of plaintiff, the court also continued the order of temporary support pending the appeal. We believe ample provision has been made under the circumstances. Defendant could have compelled compliance in appropriate proceedings had the plaintiff failed to pay the sums decreed.

The next proposition concerns an allegedly defective notice to take depositions. The notice contains all the essential information required by the statute, 12 O.S. 1951 § 439, and was in fact served on the attorney for defendant, the receipt of which he acknowledged in the record. It erroneously states the name of the person to be notified, but there was no prejudice as a consequence. Furthermore, no proper exception was taken to the deposition. 12 O.S.1951 § 450; Bennett v. Winfrey, 173 Okl. 441, 50 P.2d 363.

Lastly, the defendant questions the sufficiency of the evidence to support the judgment for divorce. Initially, it appears that these parties had been married to each other and divorced previously, but that they had re-married. The plaintiff's petition sought divorce in this action on the grounds of extreme cruelty, and the facts concerning the grounds upon which the divorce was sought were disputed. However, we believe further publication of the parties marital dispute is unnecessary; suffice it to say, there was sufficient evidence, although disputed, upon which the trial court could find for the plaintiff, the court's findings and judgment, not being contrary to the clear weight of the evidence, will not be disturbed.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.